[Crim. No. 3626. In Bank.—May 24, 1933.]

In the Matter of the Application of CHARLES MAR-RIOTT for a Writ of Habeas Corpus.

Walter H. Robinson and Herbert N. DeWolfe for Petitioner.

Matthew Brady, District Attorney, August L. Fourtner, Assistant District Attorney, and Orla St. Clair for Respondent.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy as *Amici Curiae* on Behalf of Respondent.

PRESTON, J.—Proceeding in *habeas corpus*. Petitioner Charles Marriott alleges that he is confined upon two criminal complaints, one filed in the San Francisco municipal court, the other in the Fresno police court, both charging a violation of section 50¼ of the Public Utilities Act (Deering's Gen. Laws, vol. 2, Act 6386, title 464, p. 3522 et seq.), which provides that no passenger stage corporation shall operate any passenger stage over any public highway in this state without first having obtained from the Railroad Commission a certificate declaring that public convenience and necessity require such operation. Petitioner also alleges that he is further deprived of his liberty by a complaint filed in the Los Angeles municipal court charging him with violation of the Motor Carrier Transportation Agent Act (Deering's Gen. Laws, vol. 2, Act 5130b, p. 2545 et seq.; Stats. 1931, chap. 638, p. 1362, effective August 14, 1931), section 2 of which provides that it shall be unlawful for any person, firm or corporation to engage in the business, or act in the capacity of a motor carrier transportation agent, within the meaning of the act, without first obtaining a license therefor.

■ We shall first discuss the two charges of violation of section 50¼ of the Public Utilities Act, *supra*. Conceding, for argument, that he was a common carrier, petitioner urges that the alleged offense was civil and not criminal for the following reasons: Section dd defines the term "public utility" as including "every common carrier", etc.; section 2¼d defines "common carrier" as including "every passenger stage corporation", etc.; section 2¼b defines "passenger stage corporation" as including "every corporation, or person . . . engaged as a common carrier, for compensation, in the . . . operation . . . of any passenger stage over any public highway in this state between fixed termini or over a regular route . . . " Conceding he was engaged in the business last mentioned, petitioner claims he was a "passenger stage corporation" (sec. 2¼b); hence a "common carrier" (sec. 2¼d) and therefore a "public utility" (sec. dd), as such subject only to the penalty of a fine (sec. 76a) collectible in a civil action (sec. 80) conducted by the Railroad Commission in the exercise of its exclusive jurisdiction of the regulation of public utilities.

There is no merit in this contention. The commission has jurisdiction to issue cease and desist orders, institute contempt proceedings, collect fines pursuant to section 80 and to otherwise exercise the authority conferred upon it by said act. But in addition, the express terms of respective sections make the violation thereof a criminal offense, such as a misdemeanor (sec. 28d) or a felony (sec. 52f). The concluding sections of the act, general in scope, provide penalties in all cases not covered by prior provisions (sec. 76 et seq.). Thus the sections relied upon by petitioner furnish the procedure for penalizing a public utility through imposition of a fine (sec. 76), which may be collected in a civil action by the attorney for the commission in the name of the people of the state (sec. 80). Similarly, section 78 applies to corporations other than public utilities. Section 77, however, applies to individuals and provides: "Every officer, agent or employee of any public utility, who violates . . . this act . . . is guilty of a misdemeanor . . . punishable by . . . fine . . . or . . . imprisonment . . . or both . . . " We see no reason why the complaints here in question do not properly state a criminal offense punishable under the above section. Nothing appears in the record to

sustain petitioner's claim that they do not charge him as an individual but that his violation of the act, if any, was committed in his capacity of "passenger stage corporation" (a corporation or a person, sec. 2¼b)—hence a public utility subject only to said sections 76 and 80. The record before us contains a copy of the complaint lodged in the San Francisco municipal court, which shows that the violation is charged against "Charles Marriott", petitioner, in general terms, as follows: "misdemeanor, to-wit: a violation of the Public Utilities Act . . . " in that he did "wilfully and unlawfully operate, and cause to be operated, a certain motor vehicle over a public highway . . . without having first obtained . . . a certificate . . . " as aforesaid. No charge is made against the passenger stage corporation as an entity and the acts charged could only have been committed by petitioner as an "officer, agent or employee" (sec. 77) of the passenger stage.

█ But, secondly, petitioner claims that he was, as a matter of fact, a private carrier of passengers; hence not subject to regulation, and that he is entitled in this proceeding to show such fact by evidence *dehors* the record. Again we cannot agree. This is purely a question of fact for the court below; if it is resolved in favor of petitioner, it will constitute a complete defense to the said two charges against him. (*Ex parte Meyers*, 7 Cal. App. 528 [94 Pac. 870].)

█ Next, petitioner urges that said section 50¼ is unconstitutional in granting to one class of citizens privileges not granted to all. (Sec. 21, art. I, Constitution of California.) The statute is not discriminatory; it is a valid exercise of the regulatory power conferred by the state upon the Railroad Commission. (*Finn* v. *Railroad Commission*, 2 Fed. Supp. 891, decided March 7, 1933, by the United States District Court, Southern Division of the Northern District of California, and cases there cited.)

This brings us to a discussion of the third charge against petitioner, to wit: that of violation of the Motor Carrier Transportation Agent Act, *supra*, in that he wilfully engaged in the business and acted in the capacity of motor carrier transportation agent without first obtaining a license therefor. We may dismiss in short order the several attacks made upon the constitutionality of the act. All of the questions

raised, save the one hereinafter mentioned, are thoroughly reviewed in the recent case of *People* v. *Henry*, 131 Cal. App. 82 [21 Pac. (2d) 672] (decided April 7, 1933, petition for hearing by this court denied), wherein the validity of the statute as a whole is upheld.

The remaining claim of petitioner is that the title to said act is defective, rendering the statute unconstitutional. (Sec. 24, art. IV, Constitution of California.) In other words, petitioner claims that the body of the act regulates three distinct subjects, to wit: first the business of motor carrier transportation agent; second, the private carriage of passengers for hire by motor stage, and third, interstate commerce, but that only the first subject is expressed in the title. This contention is also without merit. The act is entitled: "An act to define motor carrier transportation agent; to provide for the regulation, supervision and licensing thereof, and to provide for the enforcement of said act and penalties for the violation thereof." Section 1 defines such agent as a "person, firm or corporation who, for compensation, sells or offers for sale, or negotiates for, and/or holds himself out as one who sells, furnishes or provides as principal or agent, transportation for persons over the public highways of this state . . . other than a carrier holding a valid certificate of convenience and necessity". The act regulates no more than the title implies and plainly relates only to regulation and licensing in connection with the negotiation, sale or furnishing of transportation by other than certificated carriers. In view of the precise and complete definition given by section 1 to the term "motor carrier transportation agent" it is immaterial that the phrase "private carrier of passengers for hire by motor stage" is not used in either the title or body of the act. No question of interstate commerce is here involved.

The writ is discharged and the petitioner is remanded.

Shenk, J., Curtis, J., Thompson, J., Langdon, J., and Seawell, J., concurred.