[Civ. No. 135.   Fifth Dist.   Nov. 30, 1962.]

THOMAS EISTRAT, Plaintiff and Appellant, v. IRVING LUMBER AND MOULDING, INC., Defendant and Respondent.

THOMAS EISTRAT, Plaintiff and Appellant, v. ASSOCIATED LUMBER PRODUCTS, Defendant and Respondent.

(Consolidated Cases.)

Thomas Eistrat, in pro. per., for Plaintiff and Appellant.

W. Floyd Cobb for Defendants and Respondents.

BROWN, J.—This is an appeal from a minute order which granted the dismissal of the above entitled actions. Thereafter a judgment of dismissal was entered from which the appellant moved for a new trial, which was denied, and the appellant filed another notice of appeal from the judgment of dismissal.

When the matter came up for oral argument the appellant and respondents stipulated in open court that the entire matter

be heard and treated as one appeal, instead of successive appeals.

Appellant filed complaints against both of the respondents in Los Angeles County on June 30, 1954 (which were subsequently transferred to Tulare County), alleging his ownership and possession of certain land in Tulare County and asking damages for the alleged conversion of logs taken therefrom and converted into lumber.

On May 22, 1959, respondents filed a second supplemental answer to these complaints stating that a judgment in No. 42418, Tulare County (*Eistrat* v. *Humiston,* 150 Cal.App.2d 391 [309 P.2d 925]), had now become final and the matter was now res judicata and these actions should be dismissed because the complaints cover the same timber and title thereto.

The appellant, who then had an attorney, stipulated with the respondents that this motion to dismiss should be heard on July 5, 1961, and other matters relative to trial, but the appellant relieved his attorney and filed affidavits in opposition to the motion to dismiss. At this hearing a counterdeclaration was filed by the appellant in opposition to the motion in which he declared that he does not now believe that the defendant Humiston in No. 42418 ever took any of appellant's lumber but believes that respondents took the timber products without appellant's consent and that the respondents are undisclosed principals and were unjustly enriched, none of which issues was tried or presented in the original No. 42418. The motion to dismiss was granted, the judge stating in his minute order that the rule of res judicata squarely applies and that said defendants are not estopped from asserting it. From this action comes this appeal.

Inasmuch as No. 42418 and No. 46892 (Tulare County) are connected with the present action we shall refer to those actions as described and set forth in *Eistrat* v. *Humiston, supra,* 150 Cal.App.2d 391, and the file in that action in the Tulare County Superior Court which was introduced and accepted as evidence in the present action.

Briefly No. 42418 and No. 46892 were two suits filed by appellant herein against Humiston covering a certain contract dated April 28, 1951, which provided that, "Title shall pass to the party of the second part to that timber to be cut, at the time of its felling, . . ." and sued for the balance due on a promissory note. At one stage in the proceedings appellant named respondents herein as defendants, charging them with

conversion of some of the logs. Ultimately, a motion to dismiss as to respondents herein was granted on April 2, 1954, from which order appellant did not appeal.

After these dismissals were ordered the appellant filed the present two actions against the respondents naming Humiston also as a defendant, but later dismissing as to him. There now being two suits against respondents herein and two suits against Mr. Humiston, motions by respondents to consolidate all four actions for trial were denied, though the two suits against Humiston were consolidated as well as the two suits against the respondents herein. Appellant points out in his brief that he told the court, ''. . . I believe it would now be unfair to both the court and to plaintiff to now consolidate all four cases in one trial.'' He claims the statement was made because he was prevented from taking depositions in the matter now before us.

Appellant's suit against Mr. Humiston came on for trial where the lower court held that appellant had no right, title or interest in and to said logs or lumber involved therein, but awarded a judgment in favor of appellant in the principal sum of $19,157.46, plus interest and costs. This decision was appealed and affirmed in *Eistrat* v. *Humiston*, 150 Cal.App.2d 391 [309 P.2d 925].[1] The details and the facts in connection with the contract with Humiston are discussed in the opinion, the court holding that title to the cut logs passed from appellant to Humiston when they were cut and that the agreement expressly provided that title passed at the time of the cutting.

Appellant's theme in his briefs and in his oral argument is based on his conception that the lower court in No. 42418 erred; that the appellate court was wrong in holding that title to the logs had passed to Humiston. Even assuming that the argument has merit, as was said in *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 640 [134 P.2d 242], and quoted in *Olwell* v. *Hopkins*, 28 Cal.2d 147, 152 [168 P.2d 972], ''An erroneous judgment is as conclusive as a correct one.''

Appellant further contends that the failure of the lower court to include the present respondents in action No. 42418 was error and that res judicata should not be applied in this action because of the ''maneuvers'' in No. 42418. He maintains that it was error for the court to remove respondents from that action; that all four actions should have been consolidated; and that if the matter is now reversed he could

---

[1]Appellant also filed an appeal with regard to handling of matters of costs, etc., *Eistrat* v. *Humiston*, 160 Cal.App.2d 89 [324 P.2d 957].

show that title did not pass to Humiston even though he states that the lower court decision "was fairly made as to Humiston only."

### Was the Timber the Same in No. 42418 As in the Present Action?

The record shows that the timber which was cut in action No. 42418 was and is the same timber that is involved in the conversion suit against respondents. In an affidavit filed by appellant dated November 9, 1954, he stated that Humiston cut timber on land owned by appellant and that said timber became lumber and was transferred to respondents in this matter. He stated that he offered to stipulate that the action in No. 42418 be determinative and binding upon all of the respondents but that the respondents refused such stipulation. He also filed a notice of pending litigation dated September 10, 1954, addressed to the attorneys for Associated Lumber Products Company and others, which is one of the exhibits before us, in which he stated that there is now pending No. 42418 in Tulare County and that the judgment to be rendered therein may directly affect each and every respondent in this action by establishing that Humiston at no time had any title to any timber, logs or lumber from the property involved in No. 42418, as well as in the present actions, and that unless respondents intervene in said action that they may become bound by the judgment rendered therein quieting title.

One of the exhibits before us is a letter from Ellis D. Reiter, who was appellant's attorney from time to time, directed to respondents and dated May 4, 1960, stating, "This will advise you that the lumber (the subject of this action) was made from timber cut from plaintiff's land as a result of the contract dated, I believe, April 28, 1951." However, in appellant's affidavit of November 16, 1959, he denies that the lumber was cut pursuant to the contract but does admit that the lumber was cut between June and November of 1951, which was before he filed action No. 42418 and thus, would not be affected by its decision (No. 42418).

### Res Judicata as to Ownership

Respondents' motion to dismiss on the basis of their answer setting forth the res judicata defense is proper (*Olwell v. Hopkins, supra,* 28 Cal.2d 147; Code Civ. Proc., § 597).

For an action in conversion it is necessary for the appellant to show that he has ownership of the timber with a right to, or actual, posession. (See *Eistrat* v. *Western Hard-*

*wood Lumber Co.*, 164 Cal.App.2d 374 [330 P.2d 629].[2])
The appellant had neither ownership of the timber with a right to its possession nor actual possession of it because it had previously been held that Humiston had title to all this timber cut and he, in turn, had sold it so that respondents herein got either some or all of it.

In *Chatterton* v. *Boone*, 81 Cal.App.2d 943, 946 [185 P.2d 610], the court said: "The gist of the action for conversion or trover is the wrongful interference with the owner's right of dominion and possession of his property. The motive with which the bailee exercises dominion or refuses the owner possession of property to which he is entitled is immaterial."

While it may be difficult for appellant to see how No. 42418 is adjudged and then have the conversion actions herein dismissed without trial on the ground that No. 42418 is res judicata, nevertheless, it is very clear and simple that when the court determined that Humiston had title to the same timber covered by No. 42418 and the present action, the appellant having no title himself cannot maintain a conversion action against the respondents, and whether this should have been in No. 42418 by consolidation or otherwise is immaterial.

*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 812 [122 P.2d 892], states the rule that, "There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." Within this case is found a dissertation on the rule of mutuality and the requirement of privity. Here, the court said at page 813 that in determining the validity of a plea of res judicata there are three pertinent questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? Title was found to be in Humiston in No. 42418, and not in appellant, and in our present action appellant is still claiming title by his action in conversion. (2) Was there a final judgment on the merits? The answer is, "Yes." (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? The answer is, "Yes." (See also *Fairchild* v. *Bank of America*, 165 Cal. App.2d 477, 482 [332 P.2d 101].)

Appellant relies on *Hall* v. *Coyle*, 38 Cal.2d 543 [241 P.2d 236], which cites *United Bank & Trust Co.* v. *Hunt*, 1 Cal. 2d 340 [34 P.2d 1001], as to why he believes res judicata

[2]Writ of certiorari denied in U.S. Supreme Court, 359 U.S. 979 [79 S.Ct. 897, 3 L.Ed.2d 928].

should not apply herein. In the latter case the court held at page 345 that, "... counsel who were successful in preventing the consolidation of the issues cannot be heard later to object to a trial of the related matters upon the ground of *res judicata*" and that, "[t]he course pursued ... was tantamount to an express determination on the part of the court with the consent of opposing counsel to reserve the issues involved for future adjudication," and that res judicata was therefore not available as a bar. We do not think that this situation is comparable to the one before us. Appellant's claim against respondents is based entirely upon title to the timber which he did not have. Had the actions been consolidated, the first action to be tried would be that action against Humiston and if the court decided, as it did, that Humiston did have title, there could be no further proceedings against respondents. Had the court found that title did not pass, then the action could have proceeded against the respondents for conversion.

Appellant's contention that the issue of res judicata was reserved by the lower court in this action is immaterial because if the lower court in No. 42418 had found that appellant had title to the property he could have then proceeded against respondents for conversion of appellant's timber and the amount, if any, of damages which would be subject to proof thereof. This argument is immaterial, also, because success or failure depends upon who has title to the timber cut. Had the lower court found that appellant was the owner, the matter would then be res judicata as to Humiston's title.

"It is not necessary to establish mutuality and privity where the liability of the party asserting the plea of res judicata is dependent upon or derived from the liability of one who was exonerated in an earlier action brought by the same plaintiff upon the same facts." (*Loughran* v. *Reynolds,* 70 Cal.App.2d 241, 244 [160 P.2d 904].)

The court, in *Nevarov* v. *Caldwell,* 161 Cal.App.2d 762, 769 [327 P.2d 111], discusses the new concept of mutuality of estoppel and that there are rare instances when it is not applied so as to defeat the ends of justice, and that in determining the extent to which this state has gone in abolishing the test of mutuality of estoppel, it is necessary to keep in mind that the language used in any opinion is to be understood in the light of the facts and the issue then before the court.

The obligation that appellant seeks to enforce in conversion depends on his ownership and right to possession as set forth

in No. 42418. [11] The plea of res judicata relates not to the remedy or the relief sought, but to the right or obligation, as stated in *Stafford* v. *Yerge,* 129 Cal.App.2d 165, 171 [276 P.2d 649], and there, the court further said, "If the second suit is based upon the same right or obligation as the first, the cause of action is the same even though different or additional relief is sought." (See also *Frost* v. *Witter,* 132 Cal. 421, 426 [64 P. 705, 84 Am.St.Rep. 53].) We do not think that the respondents were guilty of any fraud or "maneuvers" or that appellant was misled in any way, considering all of the proceedings taken in No. 42418.

Estoppel may be asserted by a stranger (3 Witkin, California Procedure, Judgment, § 70, p. 1959). Derivative liability is an exception to the mutuality requirement (3 Witkin, *supra,* p. 1960). One may not have the benefit of a judgment as an estoppel unless he would have been bound by it if it had gone the other way, subject to recognized exceptions such as tort actions *(C. H. Duell* v. *Metro-Goldwyn-Mayer Corp.,* 128 Cal.App. 376, 383 [17 P.2d 781]). Judgments are conclusive in later proceedings involving the same title or interest (*Seidell* v. *Anglo-California Trust Co.,* 55 Cal.App.2d 913, 918 [132 P.2d 12]). (See also 29 Cal.Jur.2d, Judgments, § 253, p. 217.)

In *Rauer* v. *Rynd,* 27 Cal.App. 556, 562 [150 P. 780], the court stated that successors in an interest in real or personal property in which title was an issue or adjudicated are concluded by a judgment for or against him from whom he derives his title. "[O]ne who purchases the subject of the dispute becomes entitled to the benefits of a judgment in favor of his vendor." (29 Cal.Jur.2d, Judgments, § 270, p. 241.)

Respondents did not waive their right to rely on res judicata. ". . . parties may rely on alternative grounds for relief without waiving either, and the rule applies in the case of res judicata." (29 Cal.Jur.2d, Judgments, § 282, p. 259.)

We think that the court properly sustained an objection to the appellant's offer of proof at the time the motion to dismiss was heard. At the hearing the appellant made an offer to prove that the respondents were unjustly enriched because they were dismissed from the prior action, No. 42418, and thus prevented an effective trial or determination on that issue, and that they should be bound by the judgment in No. 42418.

Other contentions of the appellant as stated in his brief, without discussion or citations of supporting authorities,

are entitled to no further comment for they are deemed to have been abandoned. (*Guillory* v. *Godfrey,* 134 Cal.App.2d 628, 634 [286 P.2d 474].)

The judgment is affirmed.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied December 28, 1962. Stone, J., deeming himself disqualified, did not participate. Appellant's petition for a hearing by the Supreme Court was denied January 23 ,1963.