[Crim. No. 2859. Fourth Dist., Div. One. Jan. 9, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. MILES & SONS TRUCKING SERVICE, INC., et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Richard D. Huffman, Deputy Attorney General, and James Hamilton, District Attorney, for Plaintiff and Appellant.

Mary Moran Pajalich, Roderick B. Cassidy, Timothy E. Treacy and Leonard L. Snaider as Amici Curiae on behalf of Plaintiff and Appellant.

Cantillon & Cantillon, James P. Cantillon and C. Ray Robinson for Defendants and Respondents.

COUGHLIN, J.—Plaintiff appeals from orders setting aside an information upon motion by defendants under Penal Code, section 995.

The controversy arises out of a general contract for the construction of a public highway; a subcontract for hauling dirt; the employment of truck drivers by the subcontractor; and the alleged violation of tariff regulations, illegal employment practices and failure to comply with record keeping requirements.

The information was in 36 counts. Count I alleged a conspiracy, under Penal Code, section 182, subdivision 1, to commit the crimes defined by designated sections of several California codes. Count II alleged a conspiracy, under Penal Code, section 182, subdivision 4, "to obtain . . . labor by false pretenses and false promises with fraudulent intent not to perform such promises." Counts III through XVIII alleged violations of Labor Code, section 1778. Counts XIX through XXXIV alleged violations of Penal Code, sections 484 and 487, subdivision 1, in obtaining labor by false pretenses. Count XXXV alleged a violation of Penal Code, section 134. Count XXXVI alleged a violation of Public Utilities Code, section 3801.

Defendants moved to set aside the information pursuant to the provisions of Penal Code, section 995. The court granted their motions by separate orders, upon the dual grounds, as indicated in a written memorandum of decision, (1) the defendants had not been legally committed as to certain of

the counts in the information in that the magistrate lacked jurisdiction in the premises and, (2) in any event, had been committed without reasonable or probable cause.

On appeal the People limit their attack upon the orders setting aside the information to its effect on specific counts or parts thereof; assert the conclusion of lack of jurisdiction of the magistrate is without foundation; and contend the evidence establishes probable cause to believe defendants were guilty of (1) the offense of conspiracy, as alleged in count I, to violate Labor Code, sections 1777 and 1814, Public Utilities Code, sections 3801 and 3802, and Penal Code, sections 484 and 487, subdivision 1, (2) the offense of conspiracy alleged in count II, (3) the offenses of grand theft alleged in counts XIX, XX, XXV, XXVI, and XXX, and (4) the offense of violating Public Utilities Code, section 3801 as alleged in count XXXVI. The failure to assert error in the orders as they affect the information in other respects is equivalent to an abandonment of the appeal from that part of those orders. (*Eistrat* v. *Irving Lbr. & Moulding, Inc.*, 210 Cal.App.2d 382, 390-391 [26 Cal.Rptr. 520]; *Estate of Scott*, 90 Cal.App.2d 21, 24 [202 P.2d 357].)

█ Probable cause for commitment by a magistrate is shown "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it"; or, stated otherwise, "if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 183-184 [281 P.2d 250].)

Thus, the probable cause issue on appeal as respects count I of the information is whether the evidence is sufficient, under the foregoing rule, to show defendants conspired to violate Labor Code, sections 1777 and 1814, Public Utilities Code, sections 3801 and 3802, and Penal Code, sections 484, and 487, subdivision 1.

The trial judge filed a written opinion in the case which may be considered to discover the process by which he arrived at his decision, and to determine whether in doing so he applied correct rules of law. (*Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740, 750 [47 P.2d 273]; *Coakley* v. *Ajuria*, 209 Cal. 745, 749 [290 P. 33].)

Among other things, the judge stated in this opinion: "That the evidence does establish that there were many violations of

the Labor Code and the Public Utilities Code. However, these violations, as the Court understands the law, would be misdemeanors and triable in the lower court.'' In light of this statement two observations are pertinent: (1) A conspiracy to commit a misdemeanor is a felony (*People* v. *Osslo*, 50 Cal.2d 75, 97 [323 P.2d 397]); and (2) a misdemeanor and a felony subject to the multiple prosecution proscription of Penal Code, section 654, properly should be joined and tried in the superior court. (*Kellett* v. *Superior Court*, 63 Cal.2d 822, 825 [48 Cal.Rptr. 366, 409 P.2d 206].)

 In substance, to the extent relevant to the issues in the case at bench, Labor Code, section 1777 provides a contractor or subcontrator who neglects to keep accurate records of the ''actual per diem wages paid to every workman'' employed by him in connection with public work is guilty of a misdemeanor; Labor Code, section 1814 provides a contractor or subcontractor who neglects to keep an accurate record showing the actual hours worked by each workman employed by him in connection with public work is guilty of a misdemeanor; Public Utilities Code, section 3801 provides every highway permit carrier and its agent who violates designated provisions of the Public Utilites Code or fails to comply with any rule or regulation of the Public Utilities Commission is guilty of a misdemeanor; Public Utilites Code, section 3802 provides a person ''other than a highway carrier'' who violates such provision or fails to comply with such rule or regulation, or who ''procures, aids or abets any highway carrier'' in such violation or failure is guilty of a misdemeanor; Penal Code. section 484 provides every person who, ''by any false or fraudulent representation or pretense,'' defrauds any other person of labor is guilty of theft; and Penal Code, section 487, subdivision 1, provides when the value of the labor in question exceeds $200 the offense is grand theft, a felony.

In 1965 defendant Miles entered into a contract with the State of California to construct a portion of Highway 8. In March of the succeeding year defendant Fratianno Trucking Company entered into a subcontract with defendant Miles to haul dirt on an hourly basis. Defendant Fratianno represented the trucking company in all phases of the transaction. The Public Utilities Commission's tariff regulations prescribed minimum hourly and tonnage rates for hauling. In an apparent effort to evade these regulations, it was agreed

the number of hours charged for hauling should be determined by the number of loads hauled rather than the actual hours consumed. Defendant Miles prepared for use by defendant Fratianno Trucking Company, and the latter's truck drivers, "guideline" charts converting the number of loads hauled to number of hours of hauling for the purpose of payment under the contract, and to the truck drivers. Defendant Fratianno Trucking Company, acting through defendant Fratianno, required its truck drivers to submit freight bills at the end of each day showing the number of hours of hauling in conformity with the guideline charts which, in almost every instance, were less than the number of hours actually spent. Hourly wage truck drivers were paid on the basis of the hours shown on the freight bills. The general contract provided a prevailing wage for truck drivers of $4.78 with time and a half for overtime. The truck drivers employed by Fratianno Trucking Company received on an average of $3.78 per hour. Records of the wages paid were not accurate; in some instances falsely showed the payment of overtime; and had been changed by both Miles and Fratianno Trucking Company employees. The prevailing wage provisions prescribed by law and the contract did not apply to owner-operator truck drivers. Apparently for this reason all of the defendants, either actually or by implication, pretended falsely the employees of defendant Fratianno Trucking Company were owner-operator drivers. In some instances, to effect this pretense the defendant Fratianno Trucking Company and its truck drivers entered into so-called security agreements under which, in substance, (1) the truck drivers would purchase from the trucking company the trucks they were driving, and (2) the gross receipts from the trucking operations would be payable 30 percent in cash to the truck drivers, and 70 percent to the trucking company, from which it would reimburse itself for fuel and maintenance expense and apply the remainder to the purchase price of the trucks. After executing these agreements the truck drivers never saw them again; they were not a part of the files and records of the trucking company; and the latter's bookkeeping records did not reflect any such payment plan. The truck drivers received 27 percent rather than 30 percent of the truck's gross income, fixed by the subcontract at $14 per hour on the guideline basis, which amounted to $3.78 per hour; were not credited with any truck purchase payments; and were not given

any indicia of ownership. All of the trucks involved continued to be owned by defendant Fratianno Trucking Company. In these transactions defendant Fratianno acted for the trucking company.

The conspiracy and criminal objectives charged in count I of the information are shown in part by evidence of violations of Labor Code, sections 1777 and 1814, Public Utilities Code, sections 3801 and 3802, and Penal Code, section 484. However, it is appropriate to note that proof of criminal conspiracy is not dependent upon proof of accomplishment of its objectives or purposes, except in those instances where the only overt act alleged is the commission of the criminal object of the conspiracy. (*People* v. *Guerrero*, 22 Cal.2d 183, 187 [137 P.2d 21]; *People* v. *Shaw*, 115 Cal.App. 2d 597, 601 [252 P.2d 670]; *People* v. *Klinkenberg*, 90 Cal. App.2d 608, 635 [204 P.2d 47, 613].)

 It is our conclusion the evidence before the magistrate satisfies the requirement of probable cause to believe the three defendants conspired to commit the offenses defined in the aforesaid code sections.

Defendant's contention on appeal that Labor Code, sections 1777 and 1814, and Public Utilities Code, sections 3801 and 3802 merely provide penalties for violations of designated rules and regulations rather than declaring such violations are crimes, is without merit.

Defendants contend the provisions of Public Utilities Code, sections 3801 and 3802 declaring, respectively, that any corporate officer or agent of a highway permit carrier, or any person other than a highway carrier, who "procures, aids, or abets" any highway permit carrier in its violation of or failure to comply with any statutory or commission rule or regulation is guilty of a misdemeanor include all criminal agreements in the premises; are part of a special statute; and foreclose application of the general conspiracy statute, i.e., Penal Code, section 182, subdivision 1, under the general rule stated in 1 Wharton's Criminal Law and Procedure 191. There is no merit to this contention. Conspiracy "is not synonymous with aiding or abetting or participating." (*People* v. *Malotte*, 46 Cal.2d 59, 65 [292 P.2d 517]; *People* v. *Jones*, 228 Cal.App.2d 74, 83 [39 Cal.Rptr. 302].)

The offense alleged in count II of the information is premised upon the conspiracy defined in Penal Code, section 182, subdivision 4, i.e., "to obtain money or property by false pre-

tenses or false promises with fraudulent intent not to perform such promises.'' There is no evidence defendants conspired to obtain money or property from the truck drivers by false pretenses or false promises. The evidence upon which plaintiff relies to establish the charge in count II shows a conspiracy to obtain the labor of truck drivers by false pretenses. However, obtaining labor by false pretenses is not one of the objectives of the conspiracy defined in Penal Code, section 182, subdivision 4.

The attack upon the ruling of lack of probable cause to commit defendants on the grand theft charges is limited, on appeal, to counts XIX, XX, XXV, XXVI and XXX.

The issue is whether the evidence shows defendants by false pretense and representation defrauded the truck drivers named in these counts of their labor.

The trial judge in his memorandum opinion, stated: ''Theft is defined as 'The felonious taking and removing of personal property with intent to deprive the rightful owner of it.' The record in this case does not show such a taking of personal property. It does show that certain truckdrivers were paid less than what they were entitled to receive by reason of the Public Utilities Code and the Labor Code, but it does not show that the defendants took or received any of the earnings of said truckdrivers.''

The charge in the information is not that defendants took personal property from the truck drivers, but that they defrauded the truck drivers of labor by false pretense and representation.

The evidence establishes probable cause to believe Fratianno Trucking Company and Fratianno obtained the labor of the truck drivers named in counts XIX and XX of the information by the false pretense each of them, in compensation for labor, would receive the total gross income of the truck he was driving, less expenses for fuel and upkeep; that a part of this income would be paid to him in cash and the remainder applied to the purchase of the truck from his employer; and the cash payment would equal 30 percent of the gross income. The owner-operator status of truck drivers on the job was imperative to compliance by Miles with the tariff and prevailing wage regulations governing its operation. Circumstances established by the evidence support the belief Miles aided and abetted Fratianno Trucking Company and Fratianno in defrauding the truck drivers by the false

pretense respecting the compensation they were to receive for their labor.

Defendants contend there is no showing the truck drivers relied upon the false pretense. This conclusion is premised upon the claim the evidence shows the truck drivers had other reasons for accepting and continuing their employment by Fratianno Trucking Company. Even assuming this claim is correct, there was evidence showing the false pretense, although not the sole inducing cause, in fact materially influenced the drivers to accept employment under the terms designated. This evidence supplied the element of reliance essential to the offense. (*People* v. *Ashley*, 42 Cal.2d 246, 259 [267 P.2d 271]; *People* v. *Kassab*, 219 Cal.App.2d 687, 690-691 [33 Cal.Rptr. 494]; *People* v. *Phillips*, 186 Cal.App.2d 231, 239 [8 Cal.Rptr. 830].) Defendants' arguments are directed to the weight of the evidence showing reliance rather than its sufficiency to support a finding of probable cause to believe reliance occurred.

Defendants also contend the evidence does not establish the value of the labor of which each truck driver was defrauded exceeded the $200 grand theft requirement. For the purpose at hand "in determining the value of services received the contract price shall be the test." (Pen. Code, § 484.) In the case at bench the misrepresented contract price was 100 percent of the gross income from the trucks, less expenses for fuel and upkeep; the truck drivers were paid 27 percent of the gross income; and, under these circumstances, the value of the services fraudulently obtained was an amount equal to 100 percent of the gross income from the trucks less 27 percent and expenses for fuel and upkeep. The evidence supports a showing this amount as to each of the subject trucks exceeded $200.

Defendants further contend the grand theft charges are premised solely on a failure to pay the prevailing wage which is punishable by the civil penalties prescribed by Labor Code, section 1775; the latter section is a specific statute applicable to the situation at hand; and application of the general statute which punishes obtaining services by fraud is foreclosed under the rule stated in *People* v. *Swann*, 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830]. The rule relied upon does not apply to the circumstances of this case. There is a substantial distinction between the fraud involved in failing

to pay a truck driver the prevailing wage and the fraud involved in obtaining his services by false pretense.

The charge in counts XXV, XXVI and XXX is premised upon the claim defendants Fratianno Trucking Company and defendant Fratianno represented to the truck drivers therein named they would be paid for the hours actually worked; the truck drivers rendered their services in reliance on this representation; and the representation was false because made without any intent to perform, in that payment was dependent upon the number of loads delivered rather than the number of hours actually spent in making the deliveries. There is no showing the defendants made or the truck drivers in question relied upon any such representation. The evidence shows only that the truck drivers assumed they would be paid for hours actually worked, even though the freight bills they prepared each day set forth their hours of work in accord with the guideline charts.

The last count in the information charges defendants with the offense defined in Public Utilities Code, section 3801, a misdemeanor, in violating and failing to comply with, and aiding and abetting others to violate and fail to comply with, the Public Utilities Commission's minimum rate tariff No. 7 and designated sections of the Public Utilities Code. In their motion under Penal Code, section 995, defendants Fratianno and Fratianno Trucking Company stated: "There appears to be sufficient evidence in the Preliminary Hearing to support Count XXXVI of the Information which charges violation of Section 3801 of the California Public Utilities Code, a misdemeanor." The minute order granting their motion states: "The Court requests the record to show the defendants admit that Count 36 is a Valid Count." The evidence at the preliminary hearing also establishes probable cause to believe defendant Miles is guilty of the offense charged in count XXXVI.

The trial court determined it had no jurisdiction, absent adjudication by the Public Utilities Commission, of alleged violations of Public Utilities Code, sections 3801 or 3802.[1]

---

[1]The trial judge, in his memorandum opinion, stated: "From a reading of the Sections of the Public Utilities Act and the Constitution of the State of California which are pertinent to this case, the Court questions whether this Court or any other Court other than the Supreme Court of the State of California has jurisdiction to pass on whether or not there has been a violation of Section 3801 or 3802 of the Public Utilities Code until a hearing has been had by the Public Utilities Commison and a decision rendered therein. The Commission has at least

■ The courts have exclusive jurisdiction of proceedings for the prosecution of criminal offenses defined by the Public Utilities Code even though the offenses charged are premised on violations of rules and regulations prescribed by that code, or the Public Utilities Commission, which also may be subjects of investigation and disciplinary proceedings by the Public Utilities Commission. (*In re Marriott*, 218 Cal. 179, 181 [22 P.2d 692]; see also *California Oregon Power Co.* v. *Superior Court*, 45 Cal.2d 858, 869-870 [291 P.2d 455]; *Coast Truck Line* v. *Asbury Truck Co.*, 218 Cal. 337, 339 [23 P.2d 513]; gen. see Pub. Util. Code, § 3806.) The action of the courts in the exercise of their jurisdiction in the premises is independent of the exercise by the commission of its jurisdiction.

Contrary to defendants' contention, the issue at hand is not concerned with the effect, if any, an adjudication by the commission might have on the outcome of the criminal proceeding, and we make no determination respecting this matter. (See, however, Pub. Util. Code, § 3806.)

In his memorandum opinion the trial judge expressed his opinion on the jurisdictional issue several times. In each instance he stated the lack of jurisdiction was in "this Court" —the superior court.

■ Lack of jurisdiction in the superior court is not a ground for setting aside an information under Penal Code, section 995. However, lack of jurisdiction in the magistrate may be asserted under subdivision 1 of that section. (*People* v. *McConnell*, 82 Cal. 620 [23 P. 40]; *Ex parte Moan*, 65 Cal. 216, 217-218 [3 P. 644].) We have treated the issue accordingly.

The trial judge indicated some of the issues upon which he ruled "perhaps should have been raised by demurrer" but he "thought it best to rule upon the points at this time so that they might be raised on appeal." Apparently the jurisdictional issue was one of these points. Our decision is based upon the issues raised by the motion. We make no determination respecting the sufficiency of the information in light of objections that might be raised by demurrer. In similar vein it should be noted our recital of the facts is

commenced an investigation of the alleged violations of Sections 3801 and 3802 of the Public Utilties Code and until a decision has been rendered therein this Court is without jurisdiction to proceed further in this matter. There cannot be two parallel continuing jurisdictions, one in this Court and one before the Commission."

708

premised upon an application of the evidentiary rule governing a determination of the existence of probable cause.

The orders are reversed insofar as they set aside the information with respect to count I as it charges a conspiracy to violate Labor Code, sections 1777 and 1814, Public Utilities Code, sections 3801 and 3802 and Penal Code, section 484, counts XIX and XX, charging grand theft, and count XXXVI, charging a violation of Public Utilities Code, section 3801. In all other respects the orders are affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.