Filed 6/22/21  Lee v. Medina CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| VINECE LEE,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>DEBORAH MEDINA,<br><br>      Defendant and Respondent. | B293984<br><br>(Los Angeles County<br>Super. Ct. No. BC505015) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed.

Vinece Lee, in pro. per., for Plaintiff and Appellant.

Pollak, Vida & Barer, Daniel P. Barer, Hamed Amiri Ghaemmaghami; Law Offices of Robyn N. Jones-William and Robyn N. Jones-William for Defendant and Appellant.

Vinece Lee's and Deborah Medina's cars collided in a supermarket parking lot.  Lee sued Medina in small claims court for personal injuries and property damage.  Judgment was entered in favor of Medina.  The trial court subsequently dismissed Lee's fraud action, which alleged Medina had lied when she told Lee she would notify her insurance carrier she was responsible for the accident, ruling the cause of action was barred by the doctrine of claim preclusion.  On appeal Lee argues her fraud claim involved a different primary right from those involved in her small claims action.  She also suggests claim preclusion should not apply because Medina committed perjury when testifying in small claims court.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Accident and Lee's Post-accident Interactions with Medina and Her Insurer*

Lee and Medina were involved in an automobile accident in the parking lot of an upscale supermarket on April 3, 2010.  According to Lee, Medina hit her car while backing up; Lee's car was not moving at the time.  Immediately following the accident Medina admitted fault, gave Lee her insurance information and told Lee she would notify her insurer that she was responsible for the accident.  Lee reported the accident to Medina's insurer.

Medina's carrier notified Lee on April 17, 2010 that it was working on the claim.  However, a week later the carrier advised Lee it was declining her claim, stating its insured was not legally responsible for the accident.

2. *The Small Claims Court Action*

Lee sued Medina in small claims court on March 28, 2013.  Her complaint alleged, "Defendant backed into me at high speed, causing personal & property damage, loss of wages, loss of

2

residency and other damages according to proof." She requested damages of $10,000, the jurisdictional maximum (see Code Civ. Proc., § 116.221).[1]

The small claims case was heard on June 20, 2014. Judgment was entered in favor of Medina on the same date. The court's ruling stated, "Defendant does not owe plaintiff any money on plaintiff's claim."

### 3. *Lee's Unlimited Civil Action*

The week after she filed her small claims action, Lee, representing herself, filed an unlimited civil complaint against Medina in superior court using Judicial Council optional form PLD-PI-001, approved for use in personal injury, property damage and wrongful death cases. The complaint attached forms for general negligence and intentional tort causes of action, and also included an exemplary damages attachment alleging Medina had been guilty of fraud. Lee did not serve the summons and complaint on Medina until September 2, 2015.

On October 14, 2015 Medina moved to strike Lee's request for punitive damages. Prior to the hearing on Medina's motion, Lee filed a first amended complaint for fraud. The amended complaint alleged Medina had admitted fault for the accident but then falsely and fraudulently told her insurer that Lee had caused the collision. Lee further alleged Medina had no intention of telling the truth to her insurer at the time Medina told Lee she accepted responsibility for the accident; Lee was unaware of Medina's intention not to tell the truth to her insurer; and, but for Medina's statements, Lee would have obtained witness statements, summoned the police and otherwise established that

---

[1]     Statutory references are to this code.

3

Medina was responsible for the accident. The first amended complaint sought general damages of $25,000 and punitive damages of $250,000.

Medina again moved to strike the punitive damage allegations. Before the hearing on the motion Lee's lawsuit, which had been considered a personal injury case, was transferred from the superior court's personal injury hub to the West District for all purposes. Several months later, the court in the newly assigned department denied Medina's motion to strike Lee's request for punitive damages, but granted the request to strike the specific dollar amount contained in the prayer for relief. The court ordered Lee to file a second amended complaint that complied with its ruling without adding any additional facts or causes of action.

Lee filed her second amended complaint on November 8, 2016. Medina answered on December 15, 2016. Medina asserted as a twelfth affirmative defense that the judgment in the small claims action barred Lee's current fraud claim "by res judicata, claim preclusion, issue preclusion and/or collateral estoppel."

Medina moved for summary judgment on July 20, 2017, arguing Lee's fraud claim was barred by claim preclusion and was untimely under section 335.1, the two-year limitations period for personal injury and negligence actions. The court denied the motion, ruling Medina had failed to properly seek judicial notice of the records from the small claims court proceeding and Lee's fraud cause of action was subject to the three-year limitations period in section 338, subdivision (d), not section 335.1's two-year

limitations period.  The court also ruled the motion was procedurally deficient because not timely served on Lee.[2]

4. *The Motion To Dismiss and the Trial Court's Ruling*

The continued date for a bench trial in Lee's case was July 11, 2018.[3]  On June 11, 2018 Medina filed a combined trial brief and motion to dismiss, arguing, as she had in her unsuccessful summary judgment motion, that Lee's case was barred by claim preclusion and was untimely.[4]  Medina also filed

---

[2]     We augment the record on our own motion to include the court's October 4, 2017 ruling denying Medina's summary judgment motion.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[3]     Although the record on appeal does not contain the pertinent documents, it appears the parties agreed to extend section 583.310's five-year deadline to bring the case to trial to July 15, 2018.

[4]     Medina did not identify any statute or case law that authorized her motion to dismiss.  On appeal Medina cites *Garcia v. Garcia* (1957) 148 Cal.App.2d 147, which indicated a defendant may file a motion to dismiss based on claim preclusion before answering the complaint, a procedure also approved in *Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 231.  Although those cases seem inapposite, Medina's motion was arguably proper under section 597, which provides for trial of special defenses not involving the merits of the plaintiff's cause of action, including claim preclusion, before trial of any other issue in the case.  (See *Eistrat v. Irving Lumber & Moulding, Inc.* (1962) 210 Cal.App.2d 382, 387.)  In any event, because Medina was entitled to judgment as a matter of law, any error in considering the motion to dismiss was necessarily harmless.  (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [error justifies reversal in a civil action only if it is reasonably probable a different result would have been reached absent the error].)

5

a request for judicial notice attaching copies of Lee's small claims complaint and the judgment in favor of Medina.

In her opposition Lee quoted from the Supreme Court's decision in *Sanderson v. Niemann* (1941) 17 Cal.2d 563, which held a small claims judgment does not bar a subsequent lawsuit under the doctrine of claim preclusion (referred to as res judicata) if the second lawsuit asserts a different cause of action from that involved in the prior suit, even though both causes of action may have arisen from the same transaction. (*Id.* at p. 573.)[5] The Court also held issue preclusion (referred to as the second aspect of res judicata) could not be based on a decision made following a small claims trial because of the informal nature of the proceedings. (*Id.* at p. 575; see generally *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 865 ["[t]he controlling precedent in this case is *Sanderson v. Niemann* (1941) 17 Cal.2d 563 . . ., which establishes that collateral estoppel does not apply to a small claims action"].) Lee insisted her fraud cause of action was different from the claims asserted in the small claims case. She also argued Medina had lied at the small claims trial and disobeyed a valid subpoena for documents (what she described as extrinsic fraud), thus preventing her from having a fair hearing and depriving the small claims judgment of preclusive effect.

---

[5] The small claims action at issue in *Sanderson* had been brought by Job and Hazel Sanderson, a married couple, for damage to their automobile and for personal injuries suffered by Job Sanderson. The second lawsuit was filed by Hazel Sanderson alone for her personal injuries, which had not been at issue in the small claims case. (See *Sanderson v. Niemann*, *supra*, 17 Cal.2d at p. 566.)

The trial court heard Medina's motion on July 11, 2018, the date set for trial, and granted the motion in a minute order filed July 13, 2018.  The court explained, "Whether Defendant lied as to who caused the motor vehicle accident clearly falls 'within the scope of the [small claims] action,' is 'related to the subject matter,' and is 'relevant to the issues.'  As such, Plaintiff's current claim for fraud is barred by the doctrine of res judicata (claim preclusion)."

Lee filed a timely notice of appeal.

## DISCUSSION

### 1. *The Trial Court Correctly Ruled Lee's Claim Is Barred by the Doctrine of Claim Preclusion*

What traditionally was referred to as the doctrine of res judicata has two aspects—the primary aspect of claim preclusion and a secondary aspect of issue preclusion, historically described as collateral estoppel.  (See *Samara v. Matar* (2018) 5 Cal.5th 322, 326 ["[w]e now refer to 'claim preclusion' rather than 'res judicata' [citation], and use 'issue preclusion' in place of 'direct or collateral estoppel'"]; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 ["[t]o avoid future confusion, we will follow the example of other courts and use the terms 'claim preclusion' to describe the primary aspect of the res judicata doctrine and 'issue preclusion' to encompass the notion of collateral estoppel"].)

"*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'  [Citation.]  Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties [or those in privity with them] (3) after a final judgment on the merits in the first suit.  [Citations.]  If claim

7

preclusion is established, it operates to bar relitigation of the claim altogether." (*DKN Holdings v. Faerber*, *supra*, 61 Cal.4th at p. 824; accord, *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) The doctrine promotes judicial economy and avoids piecemeal litigation by preventing a plaintiff from ""'splitting a single cause of action or relitigat[ing] the same cause of action on a different legal theory or for different relief.'"" (*Mycogen*, at p. 897.)

"It is well established that the claim preclusion aspect of the doctrine of res judicata applies to small claims judgments." (*Pitzen v. Superior Court* (2004) 120 Cal.App.4th 1374, 1381; accord, *Bailey v. Brewer* (2011) 197 Cal.App.4th 781, 791; *Allstate Ins. Co. v. Mel Rapton, Inc.* (2000) 77 Cal.App.4th 901, 907; see *Sanderson v. Niemann*, *supra*, 17 Cal.2d 563.) Lee's small claims action concluded with a final judgment on the merits and involved the same parties as the case at bar. The issue here is whether Lee's fraud cause of action involved the same cause of action as her small claims lawsuit—a question of law we review de novo. (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1341; *Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.* (2014) 231 Cal.App.4th 134, 156; *Noble v. Draper* (2008) 160 Cal.App.4th 1, 10.)

For purposes of claim preclusion, California law identifies a single cause of action as "the violation of a single primary right." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681; see *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 ["[t]o determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory'"]; *Slater v. Blackwood* (1975) 15 Cal.3d 791, 795 ["California has consistently

8

applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action"].) The primary right theory provides "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." (*Crowley*, at p. 681.) Under the primary rights theory, "'[t]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.'. . . [T]he determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken*, at p. 798; accord, *Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1530-1531.)[6]

---

[6] It is generally true, as the trial court ruled, that "a prior judgment between the same parties 'is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.'" (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 92-93; accord, *Aerojet-General Corp. v. American Excess Ins. Co.* (2002) 97 Cal.App.4th 387, 402.) However, what the doctrine of claim preclusion seeks to avoid is splitting a single cause of action or relitigating the same cause of action on a different legal theory or for different relief: That a plaintiff could have asserted a claim in a prior proceeding under liberal pleading rules for permissive joinder does not necessarily trigger claim preclusion. If a defendant's conduct violated multiple primary rights, it is not prohibited splitting of a cause of action to bring separate actions to recover for the violation of each primary right. (See *Mycogen Corp. v. Monsanto Co.*, *supra*, 28 Cal.4th at p. 897; *Fujifilm Corp. v. Yang* (2014) 223 Cal.App.4th 326, 333-334.) "[A]

Lee contends her cause of action for fraud against Medina involves a different primary right from the causes of action she pursued in small claims court. Although she alleges additional facts in the case at bar, focusing on Medina's misrepresentations that prevented her from gathering evidence regarding the parking lot accident, and advances a different legal theory, in both actions Lee sought to recover only for losses proximately caused by the accident. That is, the harm at issue in both lawsuits is identical. Indeed, Lee's small claims action sought recovery not only for her personal injuries and damage to her car, but also for lost wages and her loss of housing allegedly resulting from her inability to commute between Santa Monica and Palos Verdes—the same damages requested in the unlimited civil action. Both actions involved Lee's primary rights to be free from injury to her person and her property and Medina's violation of her primary duty to avoid causing such injury. (See *Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160 ["'if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery'"].) Accordingly, the trial court properly ruled the earlier small claims judgment barred Lee's action for fraud.

---

given set of facts may give rise to the violation of more than one 'primary right,' thus giving a plaintiff the potential of two separate lawsuits against a single defendant." (*Sawyer v. First Financial Corp.* (1981) 124 Cal.App.3d 390, 399.)

2. *Lee's Allegations Regarding Medina's Misconduct Do Not Constitute Extrinsic Fraud Justifying Disregard of the Preclusive Effect of the Small Claims Judgment*

Lee alternatively argues, even if the small claims judgment would generally preclude the subsequent fraud cause of action, Medina's intentional misconduct—providing perjured testimony and disobeying valid subpoenas—deprived her of a fair hearing and should prevent Medina from using that judgment as a bar to Lee's fraud cause of action. Lee is correct a void judgment has no preclusive effect. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240; see *Bennett v. Wilson* (1898) 122 Cal. 509, 513-514 ["'A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one'"].) And where there has been extrinsic fraud, an otherwise final judgment may be set aside and denied preclusive effect. (See *In re Marriage of Park* (1980) 27 Cal.3d 337, 342; *F.E.V. v. City of Anaheim* (2017) 15 Cal.App.5th 462, 472.)

Lee's allegations that Medina lied during her testimony in small claims court and disobeyed a subpoena for documents and that Medina's father, apparently identified as the owner of the car involved in the accident, also disobeyed a subpoena to appear at the small claims trial, even assuming they could be proved, would not justify disregarding the preclusive effect of the small claims judgment. (See *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10 ["After the time for seeking a new trial has expired and any appeals have been exhausted, a final judgment may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified;

in the language of the cases, such fraud is 'intrinsic' rather than 'extrinsic.' [Citations.] Similarly, under the doctrines of res judicata and collateral estoppel, a judgment may not be collaterally attacked on the ground that evidence was falsified or destroyed"].)

Extrinsic fraud generally refers "to the narrow doctrine permitting a collateral attack on a judgment that has been obtained . . . under circumstances in which 'the aggrieved party [has been] deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense.'" (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 643, fn. 5; accord, *Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 97; see *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, 290 ["'"[e]xtrinsic fraud [sufficient to set aside a judgment] occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding"'"].)

In contrast, "[i]ntrinsic fraud goes to the merits of the prior proceeding and is 'not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary but has unreasonably neglected to do so.'" (*In re Margarita D.* (1999) 72 Cal.App.4th 1288, 1295; see *Caldwell v. Taylor* (1933) 218 Cal. 471, 476 ["[a] showing of fraud practiced in the trial of the original action" is intrinsic fraud].) Lee's allegations that Medina introduced perjured testimony and suppressed material evidence (the subpoena documents and testimony from her father), while

12

disturbing, constitute a claim of intrinsic fraud.  (See *Cedars-Sinai Medical Center v. Superior Court*, *supra*, 18 Cal.4th at p. 10; see also *Buesa v. City of Los Angeles* (2009) 177 Cal.App.4th 1537, 1546 ["the introduction of perjured testimony is a classic example of intrinsic fraud"].)  Intrinsic fraud "cannot be used to overthrow a judgment, even where the party was unaware of the fraud at the time and did not have a chance to raise it at trial."  (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 828.)

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


McCORMICK, J.*

---

*      Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.