[No. S114184. May 16, 2005.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIS WILLIAMS, Defendant and Respondent.

818

## COUNSEL

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Diane Nichols, under appointment by the Supreme Court, for Defendant and Respondent.

OPINION

**MORENO, J.**—Defendant was charged with two offenses that could be prosecuted as either felonies or misdemeanors. Such alternate felony-misdemeanor offenses are commonly known as "wobblers." The prosecutor charged the offenses as felonies, but at the conclusion of the preliminary examination, the court determined pursuant to Penal Code section 17, subdivision (b)(5) that the charges were misdemeanors. The prosecutor moved in superior court to reinstate the felony complaint under Penal Code section 871.5, which motion was denied. The People filed separate appeals from the magistrate's order determining the charges were misdemeanors and from the superior court's denial of the motion to reinstate the felony complaint.

We must decide whether the People may appeal the magistrate's determination entered at the preliminary examination that the wobbler offenses were misdemeanors rather than felonies, and whether the People may appeal the superior court's denial of the motion to reinstate the felony complaint. We conclude that the People may not appeal the magistrate's determination under Penal Code section 17, subdivision (b)(5) that wobbler offenses charged as felonies were misdemeanors. The superior court's denial of the People's motion to reinstate the felony complaint is appealable, but that appeal is without merit, because the superior court could not properly review under Penal Code section 871.5 the magistrate's determination that the wobbler offenses charged as felonies were misdemeanors.

FACTS

On October 31, 2000, an amended felony complaint was filed charging defendant Willis Williams with assault by means of force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a)(1),[1] and battery with serious bodily injury in violation of section 243, subdivision (d). The complaint further charged a three-year sentence enhancement under section 12022.7, subdivision (a), for personally inflicting great bodily injury in the commission of a felony and alleged that defendant had suffered two prior convictions for serious or violent felonies within the meaning of section 667, subdivision (e)(1), and had served a prior prison term for one of those offenses within the meaning of section 667.5, subdivision (b).

On November 14, 2000, a preliminary examination was held in Orange County Superior Court before Judge Andrew Banks. Evidence was introduced that during a "pickup" basketball game at a recreational center in Fountain

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

Valley on the afternoon of October 8, 2000, defendant engaged in a verbal dispute with the victim, James Hundley, while they were playing on opposite teams. The dispute centered around whether one of defendant's teammates had been fouled. The victim said there was no foul because it was a "late call." Defendant disagreed, saying, "whether or not it's a late call, you know, it's still a foul." The exchange ended, but a short time later defendant asked the victim: "If I hacked you up and you woke up in a hospital bed, you woke up and yelled 'foul,' would it still be a foul?" The victim responded that that would not happen. Defendant did not appear to be angry.

As play continued, the victim and defendant both pursued the basketball at the other end of the court. The victim grabbed the ball and turned his back to defendant, swinging his elbow in the process. The victim's elbow may have hit defendant. Defendant then swung with his left arm while still behind the victim and "punched the victim in the jaw" with a closed fist. The victim fell to the court "like a tree, just straight sideways" and "bounced off the floor. He hit his head on the ground and . . . he was out cold." Defendant looked at the victim and asked him if that was a foul and then ran to his automobile.

The victim suffered a skull fracture and was taken by ambulance to a hospital while unconscious where he underwent surgery for two hematomas: one on the right frontal lobe and one on the right temporal lobe. His condition was described as "life-threatening." It was unknown whether permanent brain damage had occurred. The victim had no memory of the incident.

The court, observing that intentional fouls are part of sports, questioned whether defendant's actions constituted "felony conduct" and stated: "So, I'm going to exercise my discretion in the interest of justice under Penal Code section 1385[2] and reduce the charges to a misdemeanor." The court docket states: "The Court hereby exercises its discretion under PC 17B(5)[3] and declares this matter to be a Misdemeanor as to count(s) 1, PC 245 (A) (1)—ASSAULT WITH A DEADLY WEAPON. [¶] The Court hereby exercises its discretion under PC 17B(5) and declares this matter to be a Misdemeanor as to count(s) 2, PC 243 (D)—BATTERY WITH SERIOUS BODILY INJURY."

---

[2] Section 1385, subdivision (a) provides, in pertinent part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes."

[3] Section 17, subdivision (b)(5) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (5) When, at or before the preliminary examination . . . the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

On November 15, 2000, the People noticed a motion to reinstate the felony complaint pursuant to section 871.5[4] to be heard on November 29, 2000. On November 29, 2000, the hearing on the motion was continued to December 15, 2000.

On December 5, 2000, defendant entered pleas of guilty to the misdemeanor counts over the objection of the prosecutor, who asked that the matter be continued until the court had ruled upon his motion to reinstate the felony complaint. The case was continued for sentencing to January 23, 2001.

On December 15, 2000, a hearing was held on the People's motion to reinstate the felony complaint. On December 18, 2000, the court issued a written ruling denying the People's motion "on the ground that Penal Code Section 871.5 does not permit review of an order reducing a felony to a misdemeanor pursuant to Penal Code Section 17[, subd.] (b)(5)." The court reasoned that the magistrate's reduction of the felony charges to misdemeanors "cannot be construed as a dismissal" of the felony complaint, adding: "Having determined that the magistrate's discretionary act under section 17[, subd.] (b)(5) is not a dismissal, this court lacks the authority to entertain the People's motion, and cannot therefore reach the issue of the propriety of the reduction of the charges to misdemeanors."

On December 21, 2000, the People filed a notice of appeal from the superior court's December 18, 2000, order denying the motion to reinstate the felony complaint. On December 26, 2000, the People filed a notice of appeal from the magistrate's November 14, 2000, order determining the felony counts to be misdemeanors.

The Court of Appeal consolidated the two appeals and held that the magistrate's order reducing the felony charges to misdemeanors was "not a dismissal under section 871" and thus was not a proper subject of a motion to reinstate the felony complaint under section 871.5. Accordingly, the Court of Appeal dismissed the appeal from the motion to reinstate the felony complaint. The Court of Appeal further held that the magistrate's order reducing the felony charges to misdemeanors was not appealable and dismissed the appeal from that order. We granted review.

## DISCUSSION

■ The prosecution in a criminal case has no right to appeal except as provided by statute. (*People v. Douglas* (1999) 20 Cal.4th 85, 89 [82

---

[4] Section 871.5, subdivision (a) provides: "When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389 of this code or Section 41403 of the Vehicle Code . . . the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint . . . ."

Cal.Rptr.2d 816, 972 P.2d 151].) "The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases. [Citations.] . . . [¶] The restriction on the People's right to appeal . . . is a substantive limitation on review of trial court determinations in criminal trials." (*People v. Superior Court (Howard)* (1968) 69 Cal.2d 491, 497–498 [72 Cal.Rptr. 330, 446 P.2d 138].) "Appellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors." (*Id.* at p. 501.) Courts must respect the limits on review imposed by the Legislature "although the People may thereby suffer a wrong without a remedy." (*Id.* at p. 499.)

The People assert that the two appeals at issue here are authorized by section 1238.[5] The appeal from the denial of the People's motion pursuant to section 871.5 to reinstate the felony complaint is expressly authorized by subdivision (a)(9) of section 1238, which permits a People's appeal from "[a]n order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5." Regarding the appeal from the order determining the charged offenses to be misdemeanors, the People rely

---

[5] Section 1238 provides: "(a) An appeal may be taken by the people from any of the following:

"(1) An order setting aside all or any portion of the indictment, information, or complaint.

"(2) An order sustaining a demurrer to all or any portion of the indictment, accusation, or information.

"(3) An order granting a new trial.

"(4) An order arresting judgment.

"(5) An order made after judgment, affecting the substantial rights of the people.

"(6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense.

"(7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting the defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code.

"(8) An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

"(9) An order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5.

"(10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence . . . .

"(11) An order recusing the district attorney pursuant to Section 1424. [¶] . . . [¶]

"(d) Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."

upon subdivision (a)(1) of section 1238, which permits an appeal from "[a]n order setting aside all or any portion of the indictment, information, or complaint," and subdivision (a)(8) of section 1238, which permits an appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action . . . ." We first will consider the appeal from the denial of the People's motion to reinstate the felony complaint.

### *Appeal from Denial of Motion to Reinstate Felony Complaint*

■ As noted above, subdivision (a)(9) of section 1238 permits a People's appeal from "[a]n order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5." *People v. Hanley* (1992) 4 Cal.App.4th 340, 342 [5 Cal.Rptr.2d 643], however, held that if the superior court lacks jurisdiction to entertain a section 871.5 motion, the Court of Appeal lacks jurisdiction to hear an appeal from that ruling because "our jurisdiction derives from the superior court in these instances." We disagree. As this court recognized in *Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464 [171 P.2d 8]: "A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance." Because the superior court has jurisdiction to determine the extent of its own jurisdiction, it follows that the Court of Appeal has jurisdiction to review the superior court's determination. Accordingly, we disapprove the contrary statement in *People v. Hanley, supra,* 4 Cal.App.4th 340, 342, and conclude that the People may appeal the superior court's denial of its motion to reinstate the felony complaint pursuant to section 871.5.

■ Although the Court of Appeal erred in dismissing the People's appeal from the denial of its motion to reinstate the felony complaint, we agree with the Court of Appeal that the appeal lacks merit because the People may not seek review of a magistrate's determination under section 17, subdivision (b)(5) (hereafter section 17(b)(5)) that a wobbler offense is a misdemeanor, by bringing a motion to reinstate the felony complaint under section 871.5.

Section 871.5 was enacted in response to our decision in *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], in which we held that a magistrate lacked the authority to dismiss a prosecution in furtherance of justice under former section 1385 and, therefore, a magistrate's order discharging a defendant following a preliminary examination, or a magistrate's purported dismissal of the prosecution, did not trigger the protection of section 1387, which bars further prosecution if an action has been twice

dismissed.[6] In a footnote, this court "wonder[ed] why the Legislature thought it desirable to restrict section 1387's bar to dismissals" that are granted pursuant to section 1385. (*People v. Peters, supra*, 21 Cal.3d 749, 751, fn. 1.) The Legislature responded in 1980 by changing several statutes, including amending section 1385 to permit a "judge or magistrate" to dismiss an action in the furtherance of justice, amending section 859b[7] to require a magistrate to dismiss a felony complaint if a defendant who is in custody is not arraigned within 10 days, amending section 861[8] to require a magistrate to dismiss a felony complaint if the preliminary examination is not completed in one session, and amending section 871[9] to empower a magistrate to dismiss a felony complaint following a preliminary examination if the evidence is insufficient to hold the defendant to answer. (Stats. 1980, ch. 938, §§ 1–3, 7, pp. 2965–2966, 2968.) In addition, the Legislature added section 871.5, which permitted the prosecution to bring a motion in superior court to reinstate the complaint if it was dismissed by the magistrate pursuant to this new statutory authority. As originally enacted, section 871.5 specifically referenced each of the statutes discussed above, stating, in pertinent part: "If an action, or a portion thereof, is dismissed by a magistrate pursuant to Sections 859b, 861, 871 or 1385, the prosecutor may make a motion . . . in the superior court within 10 days after the dismissal to compel the magistrate to reinstate the complaint or a portion thereof . . . on the ground that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof." (Stats. 1980, ch. 938, § 4, p. 2966.)

■ Courts have resisted prosecutors' efforts to expand the reach of section 871.5 beyond its terms. In *People v. Hanley, supra*, 4 Cal.App.4th 340, the defendant was charged by felony complaint with driving under the influence of alcohol and driving with a blood-alcohol content of .08 percent or more in violation of Vehicle Code section 23152, subdivisions (a) and (b), having suffered three prior convictions within the previous seven years. Former Vehicle Code section 23175 (Stats. 1991, ch. 1091, § 160, p. 5171; now Veh. Code, § 23550), provided that a violation of Vehicle Code section

---

[6] Section 1387, subdivision (a) provides in part: "An order terminating an action . . . is a bar to any other prosecution for the same offense if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated . . . ."

[7] Section 859b provides in part: "Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment . . . ."

[8] Section 861, subdivision (a) provides in part: "The preliminary examination shall be completed at one session or the complaint shall be dismissed, unless the magistrate, for good cause shown by affidavit, postpones it."

[9] Section 871 provides in part: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged . . . ."

23152 with three prior convictions could be prosecuted as either a felony or a misdemeanor. Upon the defendant's motion, however, the magistrate struck one of the alleged prior convictions. A violation of Vehicle Code section 23152 with two prior convictions within the previous seven years is not a wobbler offense, but is a straight misdemeanor. (Former Veh. Code, § 23170, Stats. 1988, ch. 1415, § 9, p. 4805; now Veh. Code, § 23546.)

Having struck one of the alleged prior convictions, the magistrate in *Hanley* determined that the charged offenses were misdemeanors as a matter of law and transferred the cause to municipal court. The People moved to reinstate the felony complaint under section 871.5, the superior court denied the motion, and the People appealed.

The Court of Appeal in *Hanley* held that the People could not seek review of the magistrate's ruling pursuant to section 871.5 because the magistrate did not act pursuant to any of the statutes specified in section 871.5. The court rejected the People's argument that the magistrate actually dismissed the felony prosecution pursuant to section 1385, which is listed in section 871.5. The court noted that "Vehicle Code section 41403 permits a defendant to challenge the constitutional validity of a conviction under specified Vehicle Code sections, including section 23152, which was entered in a separate proceeding. [Citation.]" (*People v. Hanley, supra,* 4 Cal.App.4th 340, 343.) Relying upon the fact that there was specific statutory authorization for the superior court's action striking the prior conviction allegation, the Court of Appeal concluded: "We have no doubt that this was a motion pursuant to Vehicle Code section 41403, and that the magistrate, following the procedures set forth therein, dismissed the Stanislaus County conviction pursuant to that statute." (*Id.* at p. 344.)

The court in *Hanley* was not persuaded by the People's reliance upon the decision in *Vlick v. Superior Court* (1982) 128 Cal.App.3d 992 [180 Cal.Rptr. 742]. In *Vlick,* the prosecutor announced on the day set for the preliminary examination that he could not proceed because another magistrate had granted a motion to suppress all of the People's evidence. The case was dismissed pursuant to section 871. The People filed a motion pursuant to section 871.5 to review the rulings suppressing the evidence and dismissing the complaint. The superior court granted the People's section 871.5 motion and reinstated the complaint, ruling that the People's evidence should not be suppressed. Following a preliminary examination at which the defendant was held to answer, the defendant filed a section 995 motion arguing that, in ruling on the section 871.5 motion, the superior court did not have jurisdiction to review the order suppressing evidence, because section 1538.5 provides the exclusive and comprehensive remedy.

The Court of Appeal in *Vlick* concluded, in language that is broader than was necessary to decide the issue before the court, that "section 871.5 was intended by the Legislature to be used by the People for a superior court review of an erroneous dismissal by a magistrate arising out of the magistrate's ruling as a matter of law on any motion." (*Vlick v. Superior Court*, *supra*, 128 Cal.App.3d 992, 998.) Upon review of a dismissal pursuant to section 871, which is one of the dismissal statutes listed in section 871.5, the People could argue that the dismissal was the result of a ruling on a motion to suppress evidence that was erroneous as a matter of law.

■ The court in *Hanley* correctly recognized that the decision in *Vlick* did not hold that section 871.5 may be expanded to permit review of orders not specified in section 871.5: "*Vlick* is not authority for extending section 871.5 to orders striking a prior conviction under Vehicle Code section 41403. In *Vlick*, . . . the statutory authority to dismiss was section 871, one of the provisions enumerated in section 871.5. *Vlick*'s broad language referring to dismissals arising out of a magistrate's decision on any motion properly before him or her goes not to the subdivision (a) enumeration of certain dismissal statutes, but to subdivision (b) which mandates that the motion to reinstate must be on grounds that the magistrate erroneously dismissed the action 'as a matter of law.' " (*People v. Hanley*, *supra*, 4 Cal.App.4th 340, 344.) We agree. The court in *Vlick* did not consider whether the People could obtain review of an order of a type that is not enumerated in section 871.5 and, of course, "an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

The decision in *Hanley* rejected the People's contention that the Legislature intended section 871.5 to serve as a vehicle for reviewing all dismissals by magistrates, noting that the Legislature's careful enumeration of the types of dismissals that fall within the ambit of section 871.5 mandates the opposite conclusion: "In our view the plain language of 871.5 evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been dismissed pursuant to specifically enumerated statutory authority, i.e., sections 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387 or 1389. Vehicle Code section 41403 does not appear in this listing. Why should we add it?" (*People v. Hanley*, *supra*, 4 Cal.App.4th 340, 345.)

The Court of Appeal in *Hanley* ended its opinion by stating: "We therefore defer to the Legislature to determine whether, in the future, a magistrate's order striking a prior under Vehicle Code section 41403 should be included within the scope of section 871.5." (*People v. Hanley*, *supra*, 4 Cal.App.4th 340, 347.) The Legislature did not take long to respond. In 1993, the Legislature amended section 871.5 to add Vehicle Code section 41403 to the

list of dismissal orders that could be reviewed pursuant to section 871.5. (Stats. 1993, ch. 542, § 1, p. 2743.)

■ We reach the same conclusion in the present case as the Court of Appeal did in *Hanley*. The list of dismissal orders that may be reviewed pursuant to section 871.5 does not include an order under section 17(b)(5) that a wobbler offense that was charged as a felony is a misdemeanor, and we decline to add it.

The People argue that the order in the present case is subject to review under section 871.5 because "[a] magistrate's reduction of felony charges to misdemeanors constitutes a dismissal of the felony charges under Penal Code section 871," and section 871, as noted above, is one of the dismissal statutes enumerated in section 871.5. In support of this argument, the People rely upon the decision in *People v. Superior Court (Feinstein)* (1994) 29 Cal.App.4th 323 [34 Cal.Rptr.2d 503].

Unlike the present case, *Feinstein* did not involve an order under section 17(b)(5) that a wobbler offense that was charged as a felony was a misdemeanor. In *Feinstein*, the People charged the defendant with two straight felony offenses: section 243.4, subdivision (a), sexual battery by restraint, and sections 236 and 237, false imprisonment by violence, menace, fraud or deceit. The magistrate concluded that the physical restraint requisite for the felonies was not established. The magistrate "reduced" the felony charge of sexual battery under section 243.4, subdivision (a) to misdemeanor battery under section 242 and purported to strike the portion of the second count of felony false imprisonment charging that the false imprisonment was "by violence, menace, fraud or deceit," leaving that charge as a simple violation of section 236, misdemeanor false imprisonment. The magistrate ordered the charges tried in the municipal court. (*People v. Superior Court (Feinstein)*, *supra*, 29 Cal.App.4th 323, 327.)

The district attorney moved in superior court pursuant to section 871.5 to reinstate the felony charges, but the superior court denied the motion, concluding that it was without jurisdiction to consider the motion because the magistrate had reduced the felony charges to misdemeanors pursuant to section 17(b)(5), which is not among the type of orders that may be reviewed under section 871.5. The Court of Appeal granted the People's petition for a writ of mandate, correctly directing the superior court to consider the section 871.5 motion, because the magistrate lacked authority under section 17(b)(5) to reduce to misdemeanors charges that were straight felonies rather than wobblers. Thus, the Court of Appeal reasoned, the magistrate's order was effectively a dismissal pursuant to section 871, which was reviewable under section 871.5. (*People v. Superior Court (Feinstein)*, *supra*, 29 Cal.App.4th 323, 331–334.)

The Court of Appeal in *Feinstein* identified the "significant issue" as "the ultimate effect of the order under review. Where the order precludes the prosecutor from proceeding to trial on the felony offenses originally charged, it must be construed as a dismissal within the meaning of section 871. . . . [T]he effect of the magistrate's order as to both counts of the complaint was to preclude the prosecution of defendant on felony charges because the evidence of the felonies was insufficient. We are satisfied that this order constitutes a dismissal within the meaning of section 871." (*People v. Superior Court (Feinstein)*, *supra*, 29 Cal.App.4th 323, 332.)

 While the above quoted language in *Feinstein* is quite broad, it must be considered in light of the Court of Appeal's earlier conclusion that the magistrate's order was not authorized by section 17(b)(5). *Feinstein*, therefore, cannot be read, as the People argue, to hold that any order by a magistrate that has the effect of precluding the People from prosecuting a defendant on felony charges constitutes a dismissal within the meaning of section 871 and may be reviewed under section 871.5. Rather, *Feinstein* stands only for the rule that a magistrate's order purporting to "reduce" a straight felony charge to a misdemeanor is not authorized by section 17(b)(5) and, thus, constitutes a dismissal of the felony charge within the meaning of section 871. *Feinstein* did not involve a magistrate's order declaring a wobbler offense charged as a felony to be a misdemeanor under section 17(b)(5), and did not hold that such an order constitutes a dismissal within the meaning of section 871.

This reading of the opinion in *Feinstein* is bolstered by an examination of *Feinstein*'s treatment of the decision in *Hanley*, *supra*, 4 Cal.App.4th 340. The court in *Feinstein* concluded *Hanley* was distinguishable because the magistrate in *Hanley* had acted pursuant to Vehicle Code section 41403, while in *Feinstein* "the only statute that lies to effect a dismissal was section 871 which is, of course, one of the statutes listed in section 871.5." (*People v. Superior Court (Feinstein)*, *supra*, 29 Cal.App.4th 323, 334.) The magistrate in the present case acted pursuant to a statute not enumerated in section 871.5, section 17(b)(5), thereby distinguishing the present case from *Feinstein*.

Therefore, the superior court's denial of the People's motion to reinstate the felony complaint was appealable, but the appeal lacks merit because the magistrate's determination under section 17(b)(5) that the wobbler offenses charged as felonies were misdemeanors was not subject to review under section 871.5. We turn to the appeal from the order determining the charged offenses to be misdemeanors.

*Appeal from Order Determining Offenses to be Misdemeanors*

In arguing that the magistrate's determination under section 17(b)(5) that the wobbler offenses were misdemeanors was appealable, the People rely upon subdivision (a)(1) of section 1238, which permits an appeal from "[a]n order setting aside all or any portion of the indictment, information, or complaint," and subdivision (a)(8), which permits an appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action." The People argue that the magistrate's order is appealable because it "effectively dismissed the felony offenses and precludes the People from pursuing them," and thus is appealable because it set aside, or dismissed, or otherwise terminated all or part of the action. We reject this argument. The magistrate's order under section 17(b)(5) did not preclude the People from prosecuting the wobbler offenses charged against defendant; it simply determined that these offenses were misdemeanors rather than felonies. The magistrate's order was not appealable because it was not "[a]n order setting aside all or any portion of the indictment, information, or complaint" within the meaning of subdivision (a)(1) of section 1238, nor was it "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action" under subdivision (a)(8) of section 1238.

*People v. Booker* (1994) 21 Cal.App.4th 1517 [26 Cal.Rptr.2d 715], upon which the People rely, is distinguishable. The defendants in *Booker* were charged with felony violations of Unemployment Insurance Code section 2101, which proscribes willfully making a false statement or representation, knowingly failing to disclose a material fact, or using a false name or Social Security number or other false identification to obtain unemployment insurance. The penalty for such an offense is set forth in Unemployment Insurance Code section 2122, which provides that a "violation of this chapter" is punishable either as a misdemeanor or a felony "[e]xcept as provided in Section 2117, 2117.5, 2118, and 2118.5." Section 2117 makes it a straight misdemeanor to fail to file any return or report or supply any information required by this code, "with or without intent to evade any requirement of this code."

The superior court in *Booker* granted the defendants' motion to declare the offenses to be misdemeanors, based upon the argument that the penalty for the charged violations of Unemployment Insurance Code section 2101, subdivision (a) was the misdemeanor penalty provisions of Unemployment Insurance Code section 2117, rather than the discretionary misdemeanor/felony punishment provisions of Unemployment Insurance Code section 2122. The Court of Appeal ruled that the order declaring the offenses to be misdemeanors was appealable under both subdivision (a)(1) and (8) of section 1238, because the court's order was "tantamount to

dismissal of the felony charges against the defendants." (*People v. Booker, supra*, 21 Cal.App.4th 1517, 1521.) The Court of Appeal correctly discerned that Unemployment Insurance Code section 2122 sets forth the penalty for a violation of section 2101, whereas section 2117 only sets forth the penalty for a violation of section 2117 itself.

The superior court in *Booker*, therefore, made an error of law in ruling that a violation of Unemployment Insurance Code section 2101 could not be charged as a felony because it was a straight misdemeanor. The Court of Appeal held that this ruling was without statutory authority and, therefore, was tantamount to a dismissal of the felony charges.[10] It was not, as in the present case, a determination under section 17(b)(5) that a wobbler offense charged as a felony is a misdemeanor.

The People also rely upon our decision in *People v. Statum* (2002) 28 Cal.4th 682 [122 Cal.Rptr.2d 572, 50 P.3d 355], in which we held that a superior court's order at the time of sentencing reducing a felony conviction for a wobbler offense to a misdemeanor was appealable under section 1238, subdivision (a)(6) as "[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense." The defendant in *Statum* pled guilty to a felony violation of Vehicle Code section 2800.2. The court, however, imposed a term in county jail, which reduced the offense to a misdemeanor under section 17, subdivision (b)(1). We held that this modified a felony verdict or finding to a misdemeanor, noting: "Our case law has consistently treated the misdemeanor as a lesser offense than the felony wobbler." (*People v. Statum, supra*, 28 Cal.4th 682, 689.)

The People argue from our holding in *Statum* that a magistrate's reduction of a felony wobbler offense "dismisses the 'greater' felony offense and leaves the People to prosecute only the 'lesser' misdemeanor offense." But this is not what we held in *Statum*. To the contrary, we held that an order reducing a wobbler prosecuted as a felony to a misdemeanor at sentencing modified, rather than dismissed, the felony verdict or finding. Had we concluded, as the People urge us to do in this case, that such an order effectively dismissed the felony prosecution, the order in *Statum* would have been appealable under subdivision (a)(1) or (8) of section 1238. We did not so hold in *Statum* and we do not so hold here. In the present case, the charged offense has been modified, as we recognized in *Statum*, but it has not been dismissed or

---

[10] We are not called upon to decide, and thus express no view upon, the correctness of the holding in *People v. Booker, supra*, 21 Cal.App.4th 1517, 1521, that an order without a statutory basis that a charged felony offense must be prosecuted as a misdemeanor is tantamount to a dismissal.

otherwise terminated. Nothing in section 1238 authorizes an appeal from such a modification prior to trial.

The People and the dissent also rely upon our statement in *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 976 [60 Cal.Rptr.2d 93, 928 P.2d 1171], rejecting "defendant's argument that a trial court's exercise of discretion under the authority of section 17(b) should be unreviewable . . . ." The dissent additionally asserts that this court in *Alvarez* "found 'no authority immunizing a trial court's discretionary decisionmaking from some level of review, however deferential.' [Citations.]" (Dis. opn. of Baxter, J., *post*, at pp. 834–835.) The People and the dissent take these statements out of context. *Alvarez* arose from an order at sentencing declaring a felony conviction for a wobbler offense to be a misdemeanor. The People petitioned for writ review. The sentence in our opinion that is quoted in part by the People and the dissent concerned the scope of the trial court's discretion; we said in full: "Initially, we reject defendant's argument that a trial court's exercise of discretion under the authority of section 17(b) should be unreviewable, either as a matter of parity with the prosecutor's unreviewable decision to charge a wobbler as a felony or misdemeanor [citation] or as a matter of constitutional mandate under the separation of powers doctrine. [Citation.]" (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at p. 976.) We did not state in *Alvarez* that a trial court's exercise of discretion under section 17, subdivision (b) must, in all circumstances, be reviewable. Nor did we state that a magistrate's exercise of discretion must be reviewable. And we did not consider under what circumstances an order under section 17, subdivision (b) is appealable. As noted above, "an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage*, *supra*, 61 Cal.2d 520, 524, fn. 2.) The conclusion of the dissent, therefore, that "the majority has now embraced what we so recently (and emphatically) rejected" (dis. opn. of Baxter, J., *post*, at p. 835) is simply not true.

Our conclusion is consistent with our holding in *People v. Drake* (1977) 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622], that an order modifying a verdict finding the defendant guilty of robbery to a finding of guilt of the lesser included offense of grand theft was not appealable by the People pursuant to subdivision (a)(1) of former section 1238. As we observed, "the order of the trial court modifying its finding of guilt manifestly was not an order 'setting aside the indictment, information, or complaint' appealable under subsection (1) of subdivision (a); defendant was found guilty under the felony information originally filed in this case." (*People v. Drake*, *supra*, 19 Cal.3d 749, 757.) We further concluded that the order modifying the verdict to a lesser offense was not an action "otherwise terminating the action" within the meaning of subdivision (a)(8) of section 1238: "[T]he order from which the People seek to appeal did not terminate the action at all; following that order the action simply proceeded into the sentencing phase. The People

attempt to circumvent this fact by the conceptual device of characterizing the modification by the judge as having 'terminated the action on the portion of the information charging first degree robbery.' None of the cases cited by the People invokes such a diluted concept of 'termination' [citations] . . . . We decline to . . . manipulate the accepted concept of 'terminating the action' . . . " (*Drake, supra,* 19 Cal.3d 749, 757–758, fn. omitted.)[11]

The People argue that "[t]here is no sound reason why the Legislature would have wanted to allow an appeal from reduction orders made by a sentencing court under Penal Code section 17, subdivision (b)(1) or (3), but not reduction orders made by a magistrate under Penal Code section 17, subdivision (b)(5)." We disagree. There are significant differences between an order entered at sentencing reducing a felony conviction for a wobbler offense to a misdemeanor and a pretrial order declaring a wobbler offense charged as a felony to be a misdemeanor that could have led the Legislature to grant the People a right to appeal in one instance but not the other. An order under section 17(b)(5) is made prior to trial, when the guilt or innocence of the defendant has yet to be determined. Unlike other situations in which the People may appeal a pretrial order, the charges are not dismissed or set aside. (§ 1238, subd. (a)(1) [order setting aside all or any portion of the indictment, information, or complaint]; *id.,* subd. (a)(2) [order sustaining a demurrer]; *id.,* subd. (a)(7) [order dismissing a case prior to trial]; *id.,* subd. (a)(8) [order dismissing or otherwise terminating all or any portion of the action].) Permitting a pretrial appeal by the People while the guilt of the defendant remained at issue would significantly delay the proceedings and impact the defendant's right to a speedy trial. The Legislature has permitted such pretrial appeals by the People of charges that have not been dismissed or set aside only in very limited circumstances. (§ 1424 [order recusing a district attorney or city attorney].)

The People argue that the Legislature did not intend "to give magistrates absolute power to reduce felony wobbler offenses without any appellate review." But our decision does not hold that a magistrate's decision declaring that wobbler offenses charged as felonies are misdemeanors is not subject to any appellate review; we hold only that such an order by a magistrate is not appealable. We express no opinion on whether the People could obtain writ review of such decisions. (See generally *People v. Superior Court (Aquino)* (1988) 201 Cal.App.3d 1346, 1350–1351 [248 Cal.Rptr. 50]; *People v. Superior Court (Chico etc. Health Center)* (1986) 187 Cal.App.3d 648 [232 Cal.Rptr. 165]; but see *People v. Municipal Court (Kong)* (1981) 122 Cal.App.3d 176 [175 Cal.Rptr. 861].) Although as a general rule the People

---

[11] Following our holding in *Drake,* the Legislature amended subdivision (a)(6) of section 1238 to permit an appeal by the People from an order " 'modifying the offense to a lesser offense.' " (*People v. Statum, supra,* 28 Cal.4th 682, 691.)

may not seek an extraordinary writ when there is no right to appeal (*People v. Superior Court (Howard), supra,* 69 Cal.2d 491), this general rule may not bar writ review of a magistrate's decision declaring a wobbler to be a misdemeanor, because the identical decision would be appealable if it were made at the time of sentencing (*People v. Statum, supra,* 28 Cal.4th 682). The People in this case did not timely seek writ review, so we need not decide whether the People have such a remedy. Suffice it to say that, contrary to the People's contention, our conclusion that the People may not appeal a magistrate's decision declaring a wobbler to be a misdemeanor does not necessarily mean that they have no means of challenging such a decision. Therefore, the dissent's dire predictions of the evils that would ensue if rulings like the one in the present case were insulated from review are premature.

## CONCLUSION

The judgment of the Court of Appeal is reversed to the extent that it dismissed the appeal from the denial of the motion to reinstate the felony complaint under section 871.5, and otherwise is affirmed.

George, C. J., Kennard, J., and Werdegar, J., concurred.

**BAXTER, J.,** Dissenting.—The majority holds that the People have no right to appeal—and thereby creates the possibility that the People have no right to challenge at all—a magistrate's decision at or before a preliminary hearing to reduce a felony wobbler to a misdemeanor under Penal Code section 17, subdivision (b)(5).[1] I respectfully disagree.

The result reached by the majority is surprising. As the majority concedes (maj. opn., *ante,* at p. 833), the People have the right to appeal the very same determination when made at sentencing. (*People v. Statum* (2002) 28 Cal.4th 682 [122 Cal.Rptr.2d 572, 50 P.3d 355] (*Statum*).) Therefore, the effect of today's ruling is merely to bar the People from appealing only when the order is made at an early stage, on a thin or nonexistent record, and hence is more likely to be wrong.

The analysis used by the majority is novel. In *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 [60 Cal.Rptr.2d 93, 928 P.2d 1171], we rejected the argument "that a trial court's exercise of discretion under the authority of section 17(b) should be unreviewable" (*People v. Superior Court (Alvarez), supra,* at p. 976) and found "no authority immunizing a trial court's discretionary decisionmaking from some level of review, however

---

[1] All further statutory references are to the Penal Code.

deferential." (*Id.* at p. 977; see also *Statum, supra,* 28 Cal.4th at p. 687.) Except for cryptic citations to conflicting Court of Appeal decisions as to the availability of writ review in other contexts, the majority has now embraced what we so recently (and emphatically) rejected.

Unfortunately, the consequence of this surprising and novel ruling is no less than an invitation to lawlessness. Consider this: *Prior to* today's ruling, a magistrate could dismiss an allegation of a prior serious or violent felony conviction under the three strikes law *only* by complying strictly with the provisions of section 1385, and the dismissal would be "subject . . . to review for abuse of discretion." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504 [53 Cal.Rptr.2d 789, 917 P.2d 628].) Such review ensured that judicial officers could not thwart the three strikes law by dismissing strike allegations "solely 'to accommodate judicial convenience,' " because of " 'a personal antipathy for the effect that the three strikes law would have on [a] defendant' " (*id.* at p. 531), or because of other "factors extrinsic to the scheme." (*People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].) *After* today's ruling, however, a magistrate may do just that when the charged felony is a wobbler by instead reducing the felony to a misdemeanor—thereby eliminating the effect of the prior strike allegations—without ever having to state reasons for reducing the felony to a misdemeanor *or* for dismissing the strike allegations *and* without fear that this decision will ever be appealed. (Cf. Madison, The Federalist No. 51 (Rossiter ed. 1961) p. 322 ["If angels were to govern men, neither external nor internal controls on government would be necessary"].)

Here, for instance, the information charged defendant with battery with serious bodily injury and aggravated assault and alleged that he had suffered two prior convictions for serious or violent felonies under the three strikes law. The magistrate reduced the felonies to misdemeanors under section 17, subdivision (b)(5). The People appealed, invoking section 1238, subdivision (a)(1) and (8), but the appeal has now been dismissed before any appellate court could consider whether the magistrate erred in reducing the felony to a misdemeanor or in nullifying the effect of the charged strikes.

The majority's approach is unprecedented, unusual—and dangerous. In *People v. Superior Court (Alvarez), supra,* 14 Cal.4th at page 977, we cautioned that the discretion to reduce a felony to a misdemeanor under section 17, subdivision (b) was " 'to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice' " and was therefore not " 'a potential without restraint.' " Yet the majority, by barring an appeal and offering no views as to the availability of review by writ (cf. *Olson v. Cory* (1983) 35 Cal.3d 390, 400–401 [197 Cal.Rptr. 843, 673 P.2d 720]; *People v. Superior Court*

(*Manuel G.*) (2002) 104 Cal.App.4th 915, 924–926 [128 Cal.Rptr.2d 794]), has all but eliminated the potential *for* restraint.

Moreover, the majority offers no plausible reason why the Legislature would have wanted to allow an appeal from an order reducing a felony wobbler to a misdemeanor by a trial court at sentencing but not from the same order by a magistrate at or before the preliminary hearing, when the facts are unknown or undeveloped.[2] Indeed, a review of the relevant statutes reveals that the Legislature intended no such thing.

Section 1238, subdivision (a)(1) allows the People to appeal from an order setting aside "all or any portion of the indictment, information, or complaint." Subdivision (a)(8) allows the People to appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action." Read together (see *Olmstead v. Arthur J. Gallagher & Co.* (2004) 32 Cal.4th 804, 811 [11 Cal.Rptr.3d 298, 86 P.3d 354]), these provisions allow the People to appeal from (1) an order or judgment that (2) sets aside, dismisses, or otherwise terminates (3) all or any portion of the indictment, information, complaint, or action. The majority does not dispute that elements (1) and (3) are satisfied here; that is, the majority concedes that the magistrate's decision is an order relating to at least a portion of the complaint or action. Rather, the majority's thesis is that the magistrate's order is not a setting aside, dismissal, or otherwise a termination of any portion of the felony complaint or action because it "did not preclude the People from prosecuting the wobbler offenses charged against defendant." (Maj. opn., *ante*, at p. 830.)

This misses the point. The proper test is not whether the People are wholly precluded from prosecuting the defendant but whether *any portion* of the indictment, information, complaint, or action[3] has been set aside, dismissed, or otherwise terminated. The only authority cited in support of the majority's test is *People v. Drake* (1977) 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d

---

[2] The majority hypothesizes that the Legislature, mindful of the defendant's speedy-trial rights, might not have wanted to permit an appeal where "the charges are not dismissed or set aside." (Maj. opn., *ante*, at p. 833.) Yet subdivision (a)(1) and (8) of Penal Code section 1238 contemplates a pretrial appeal when "any portion" of the action is set aside, dismissed, or terminated—even when the only portion dismissed is a prior conviction allegation. (*People v. Burke* (1956) 47 Cal.2d 45, 53 [301 P.2d 241].) In other words, the Legislature is plainly willing to tolerate a pretrial appeal that encompasses fewer than all of the charges. Moreover, it seems implausible that the Legislature would have been concerned that a pretrial appeal "would significantly delay the proceedings and impact the defendant's right to a speedy trial." (Maj. opn., *ante*, at p. 833.) "Given the important public interests in appellate review [citation], it hardly need be said that an interlocutory appeal by the Government ordinarily is a valid reason that justifies delay." (*United States v. Loud Hawk* (1986) 474 U.S. 302, 315 [88 L.Ed.2d 640, 106 S.Ct. 648].)

[3] An "action" is defined broadly as the "proceeding by which a party charged with a public offense is accused and brought to trial and punishment." (§ 683.)

622] (*Drake*), in which we held that an order modifying the robbery verdict to the lesser included offense of grand theft was not appealable under section 1238, subdivision (a)(1) because it was "not an order 'setting aside the indictment, information, or complaint,' " nor was it appealable under subdivision (a)(8) because "the order from which the People seek to appeal did not terminate the action at all; following that order the action simply proceeded into the sentencing phase." (19 Cal.3d at p. 757, fn. omitted.) *Drake* is unilluminating here, though, inasmuch as the Legislature has since amended subdivision (a)(1)and (8) to allow the People to appeal from an order that affects *any portion* of the indictment, information, complaint, or action. (Stats. 1998, ch. 208, § 1.)

Moreover, even if *Drake* applied, it would not compel dismissal of the appeal in this case. In rejecting the People's reliance on section 1238, subdivision (a)(1), *Drake* relied entirely on the fact that the defendant "was found guilty under the felony information originally filed in this case." (*Drake, supra*, 19 Cal.3d at p. 757.) Here, though, defendant *cannot* be found guilty under the felony complaint originally filed in this case. Once the magistrate has reduced the felony to a misdemeanor, "the case shall proceed as if the defendant had been arraigned on a *misdemeanor* complaint." (§ 17, subd. (b)(5), italics added.)

I find our recent decision in *Statum* more instructive. In *Statum*, we held that a judgment imposing a county jail term for a wobbler conviction reduces the felony to "a lesser offense." (*Statum, supra*, 28 Cal.4th at p. 689.) Similarly, when a magistrate makes the same order at or before the preliminary hearing, the felony portion of the complaint or action is no more. In other words, it is set aside, dismissed, or terminated.

The majority's rejection of this straightforward application of the statute seems to rest on the assumption that it is not possible to set aside, dismiss, or otherwise terminate less than all of a charged offense. The assumption is erroneous. (*People v. McKee* (1968) 267 Cal.App.2d 509, 513 [73 Cal.Rptr. 112] [superior court's order directing the People to file an information charging the lesser included offense of involuntary manslaughter was "tantamount to dismissal of the murder charge" under section 1238]; *People v. Miles & Sons Trucking Service, Inc.* (1968) 257 Cal.App.2d 697, 700 [65 Cal.Rptr. 465] ["On appeal, the People limit their attack upon the orders setting aside the information to its effect on specific counts or parts thereof"]; cf. *Bodner v. Superior Court* (1996) 42 Cal.App.4th 1801, 1804–1806 [50 Cal.Rptr.2d 236] [magistrate's order holding the defendant to answer for a charge of felony assault instead of attempted murder was a "termination" of

the murder charge under section 1387].)[4] The majority's analysis thus does serious violence to the well-settled understanding of these terms in other contexts.

Accordingly, the only live issue in this case was whether an appeal from the magistrate's order lies to the Court of Appeal under section 1238 or to the appellate division of the superior court under the similar language in section 1466. In light of the majority's analysis foreclosing either appeal, that issue is now moot. I therefore urge the Legislature to act promptly to fill the gap so as to permit appellate review of a magistrate's order and thereby restore the rule of law. (Cf. *Statum*, *supra*, 28 Cal.4th at p. 691, citing Stats. 1978, ch. 1359, § 2, p. 4511.) In the meantime, I respectfully dissent.

Chin, J., and Brown, J., concurred.

Appellant's petition for a rehearing was denied June 22, 2005. Baxter, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.

---

[4] As the majority observes, *Statum*, *supra*, 28 Cal.4th at p. 690 held that an order reducing a felony conviction to a misdemeanor "modified" the verdict or finding under section 1238, subdivision (a)(6). But the majority errs in inferring that *Statum*'s failure to sustain the appeal *additionally* under subdivision (a)(1) or (8) meant that such an order was not also a dismissal or termination of the felony portion of the action or charging document. (See maj. opn., *ante*, at p. 831.) No party urged us to sustain the appeal in *Statum* under subdivision (a)(1) or (8), nor did we even cite either subdivision. Since " 'an opinion is not authority for a proposition not therein considered' " (maj. opn., *ante*, at p. 827), *Statum* offers no support for the majority's conclusion.