Filed 4/25/13  P. v. Graham CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E056064 |
| v. | (Super.Ct.No. INF1200195) |
| JAMES RUSSELL GRAHAM, JR., | **OPINION** |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Thomas N. Douglass, Jr. (retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Victoria E. Cameron, Judges.*  Affirmed.

Paul E. Zellerbach, District Attorney, and Alan D. Tate, Deputy District Attorney, for Plaintiff and Appellant.

---

\*       Judge Cameron dismissed the complaint, and Judge Douglass denied the motion to reinstate the complaint.

1

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Respondent.

Plaintiff and Appellant the People of the State of California appeal from the order denying their Penal Code section 871.5[1] motion to reinstate the complaint. The People filed a complaint against defendant James Russell Graham charging him with burglary and receiving stolen property. Defendant had already pleaded guilty to a subsequent burglary where he was found with items taken in the instant burglary. Defendant brought a motion to dismiss the complaint pursuant to section 654 and *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*) arguing that the People had to file all of the cases together. The magistrate dismissed the complaint. The People filed a motion to reinstate the complaint pursuant to section 871.5, which was denied on the grounds that the superior court lacked jurisdiction to hear the appeal since section 654 and *Kellett* are not included in the statutory provisions appealable under section 871.5.

The People claim on appeal that the superior court erred by finding that it lacked jurisdiction to hear the motion to reinstate the complaint and that the magistrate erred in dismissing the complaint.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# I

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On October 18, 2011, defendant entered a convenience store called the Flying J in Thousand Palms (the Flying J case). He took $300 cash that was behind the counter and fled. Defendant was later detained at his last known address after he was identified on surveillance video. Defendant's person and truck were searched. A backpack was found in his possession that contained a driver's license and credit cards belonging to David Groode. He was also found in possession of methamphetamine.

Prior to this, on October 13, 2011, Groode had returned to his residence located on Cumbres Court in Cathedral City (the Groode case). He took a shower, and when he emerged from the shower, a light-skinned Hispanic male was in his bedroom. Groode chased him outside but lost him. The man took his jeans, which contained his cellular telephone, house and vehicle keys, driver's license, credit cards, and $60 in cash.

Defendant confessed to both the Flying J burglary and the burglary at Groode's residence. Defendant wrote an apology letter to Groode. Groode was given back his items after he identified them as belonging to him.

On October 20, 2011, defendant was charged in case No. INF1102399, the Flying J case, with second degree burglary and possession of methamphetamine. In the

---

      **2**      The case was dismissed prior to the preliminary hearing. The procedural and factual background is therefore taken from the pleadings and exhibits filed in the trial court, including the police reports.

3

discovery packet given to defendant's counsel, the police report for the Groode burglary was included, along with the apology letter written by defendant to Groode when he was interrogated. On October 28, 2011, defendant pleaded guilty to a felony violation of section 459 in the Flying J case. He was granted formal probation and released to a 90-day inpatient drug treatment program.

On January 11, 2012, defendant was charged by a felony complaint in case No. INF1200195, the Groode case, with one count of burglary of an inhabited dwelling committed on October 13, 2011 (§ 459) and one count of receiving stolen property (§ 496, subd. (a)) committed on October 18, 2011.

Prior to the preliminary hearing in the Groode case, defendant filed a notice of motion and motion to dismiss the complaint on the grounds that "[f]urther prosecution must be barred on the grounds that a second prosecution violates state and federal constitutional prohibitions against Double Jeopardy, violates Penal Code section 654, and conflicts with the holding of *Kellett v. Superior Court* (1966) 63 Cal.2d 822." Defendant contended that all the facts necessary to prosecute the Groode case were discovered at the time of defendant's arrest in the Flying J case, and the two cases should have been prosecuted together. Moreover, defendant believed that his guilty plea in the Flying J case would resolve the entire matter.

The People filed opposition to the motion. They argued that *Kellett* applied if the prosecution was aware of more than one offense in which the same act or course of conduct plays a significant part. If such a circumstance exists, then all offenses must be

4

prosecuted in a single proceeding. When the criminal offenses are committed at different times and places, those crimes need not be prosecuted in a single proceeding. The People argued that the Groode case involved a burglary that was committed five days prior to the Flying J burglary. Defendant had separate criminal objectives and could have reconsidered his course of conduct prior to the Flying J burglary. Defendant filed a reply.

A hearing was conducted on February 15, 2012, in front of a magistrate. At the hearing, defendant additionally argued that at the time that he pleaded guilty in the Flying J case, the discovery included all of the information necessary for the prosecution of the Groode case. The People argued in opposition that *Kellett* applied when either the same crime or the "immediate surrounding course of conduct" supporting a single criminal objective are filed under separate complaints. The Groode case, occurring five days prior, was a separate and distinct crime and could be prosecuted separately even if the People knew about the crimes at the time of the Flying J prosecution. The People admitted that the stolen property charge should have been filed with the Flying J case, but the burglary at the Groode home was a separate case.

The magistrate first noted that this was a "very close issue." There was no question that the stolen property charge -- which occurred on the same day as the Flying J burglary -- was barred by *Kellett*. The magistrate stated that if defendant was not in possession of the stolen property, the People would have a stronger argument, and even with defendant's confession, additional investigation of the Groode burglary might have been required. However, at the time that the Flying J case was resolved, all of the

5

discovery necessary to charge defendant in the Groode case was in discovery and known to the People.

The magistrate ruled, " . . . I believe that while you can argue back and forth whether the residential burglary is separated, I believe that they are tied together because of the stolen property, and I believe this really does violate the spirit of *Kellett*." It noted that *Kellett* was put in place so that when a case is resolved, the defendant need not worry about being harassed on the same set of circumstances. The magistrate concluded, "[T]he fact that this was not an amount at the [Flying J] burglary that normally would have been a felony and the fact that it was pled that way on a reliance that the discovery they had was to include everything he was culpable for in that discovery, I'm going to grant the *Kellett* motion." The case was dismissed. According to the minute order for the hearing, the magistrate dismissed the case pursuant to section 1385 even though the magistrate did not mention section 1385 at the hearing.

On February 24, 2012, the People filed a motion to compel the magistrate to reinstate the complaint pursuant to section 871.5. The People contended that the magistrate erred by granting defendant's "*Kellett* motion." They argued that when criminal offenses are committed at different times and at different places, those crimes need not be prosecuted in a single proceeding. They argued that the protections of section 654 could not be stretched to protect defendant, who committed a separate felony. They conceded that the stolen property charge was barred by *Kellett*. Defendant did not file opposition because his counsel was ill.

6

A hearing was conducted on March 19, 2012. The superior court met with counsel in chambers. After the chambers conference, the court noted that it had reviewed a memorandum on the issue that had been submitted by court research staff.[3] Based on the memorandum, the court decided that a dismissal pursuant to *Kellett* and section 654 requires direct appeal to the Court of Appeal. As such, the trial court found that it did not have jurisdiction to hear the motion to reinstate the complaint, and it was denied. The superior court did not reach the merits of the magistrate's dismissal.

The People filed a timely notice of appeal from the March 19, 2012, decision, citing only to the authority of section 1238, subdivision (a)(9).

II

ANALYSIS

The People contend in this appeal that the trial court erred by denying its motion to reinstate the complaint on jurisdictional grounds. They insist that they were entitled to file a motion to reinstate the complaint under section 871.5 because the dismissal was pursuant to section 1385, a statutory provision included in the language of section 871.5. Moreover, assuming this court reaches the merits of its claim, the magistrate erred by dismissing the complaint since the Groode burglary had a separate objective and was committed at a different time.

---

[3] The record on appeal includes the memorandum prepared by the superior court research staff in the confidential material transcript. Its contents need not be discussed in this opinion except to the extent that the memorandum provided that the superior court did not have jurisdiction to hear the motion to reinstate the complaint.

Section 871.5 allows the People to seek review of a magistrate's decision to dismiss a complaint in the superior court. That section provides in pertinent part that "[w]hen an action is dismissed by a magistrate pursuant to Section *859b, 861, 871, 1008, 1381.5, 1385, 1387, or 1389* of this code . . . the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant . . . ." (§ 871.5, subd. (a), italics added.) The purpose of the statute is "'to decrease the number of refilings of felony complaints when the dismissal by a magistrate was based upon a legal rather than a factual ruling.'" (*People v. Superior Court* (*Feinstein*) (1994) 29 Cal.App.4th 323, 331.)

Here, the People appeal from the denial of its motion to reinstate the complaint under section 1238, subdivision (a)(9), which provides that the People can appeal "[a]n order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to section 871.5."

In *People v. Williams* (2005) 35 Cal.4th 817 (*Williams*), a magistrate reduced two charged felonies to misdemeanors pursuant to section 17, subdivision (b)(5), after the preliminary hearing. (*Williams,* at pp. 820.) The People sought a motion to reinstate the complaint pursuant to section 871.5. The motion was denied on the grounds that section 17, subdivision (b)(5) was not a dismissal subject to review under the section. (*Williams*, at p. 822.) The People filed an appeal from the denial of the motion to reinstate their complaint pursuant to section 1238, subdivision (a)(9) and a direct appeal from the

8

dismissal of the felony complaint under section 1238, subdivision (a)(8). (*Williams*, at p. 822, 824.) Section 1238 provides, in relevant part: "(a) An appeal may be taken by the people from any of the following: [¶] . . . [¶] (8) An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

The *Williams* court first recognized that "[t]he prosecution in a criminal case has no right to appeal except as provided by statute. [Citation.]" (*Williams, supra,* 35 Cal.4th at pp. 822-823.) The reason for such restriction is that "'[a]ppellate review at the request of the People necessarily imposes substantial burdens on an accused, and the extent to which such burdens should be imposed to review claimed errors involves a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors.' [Citation.] Courts must respect the limits on review imposed by the Legislature 'although the People may thereby suffer a wrong without a remedy.' [Citation.]" (*Id.* at p. 823.)

The California Supreme Court then addressed the appeal from the motion to reinstate the complaint. It first concluded that even if a superior court denies a motion to reinstate the complaint on jurisdictional grounds, it could review the decision. (*Williams, supra,* 35 Cal.4th at p. 824.) Thereafter, it concluded that the People were not entitled to file a motion to reinstate the complaint pursuant to section 871.5 for review of a decision made under section 17, subdivision (b)(5). The court made it clear that section 871.5 is

9

not a vehicle for reviewing all dismissals by magistrates. It agreed with a prior case that "'[t]he plain language of 871.5 evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been dismissed pursuant to specifically enumerated statutory authority . . . .' [Citation.]" (*Williams*, at p. 827.) The court concluded, "The list of dismissal orders that may be reviewed pursuant to section 871.5 does not included an order under section 17(b)(5) that a wobbler offense that was charged as a felony is a misdemeanor, and we decline to add it." (*Id.* at p. 828.) It went on to discuss the direct appeal from the magistrate's order. (*Id.* at pp. 830-834.)

Here, section 654 and *Kellett* are not listed in section 871.5 as statutory provisions or case law that can be appealed through a motion to reinstate the complaint. We are bound by the decision in *Williams* that section 871.5 should not be expanded to include statutory provisions that are not included by the Legislature. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) The superior court did not have jurisdiction to hear the motion for reinstatement of the complaint.

The People contend that the dismissal was pursuant to section 1385, subdivision (a),[4] a section included in section 871.5. However, the magistrate never stated at the hearing that the dismissal of the complaint was pursuant to section 1385. No one

---

[4]     Section 1385, subdivision (a) provides in pertinent part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

discussed that section, and the People filed their motion to reinstate the complaint based on the error in dismissing the complaint pursuant to *Kellett* and section 654.

Moreover, *People v. Andrade* (1978) 86 Cal.App.3d 963 contradicts that proposition. In *Andrade*, defendant brought a motion to dismiss a manslaughter charge on the grounds of the prohibition against multiple prosecution (§ 654) and relied upon *Kellett*. The motion for dismissal was granted. (*Andrade*, at pp. 967-968.) The People appealed the dismissal pursuant to section 1238, subdivision (a)(8). (*Andrade*, at p. 968.) The appellate court found that the dismissal under section 654 was erroneous as there was no bar on multiple prosecution based on the facts of the case. (*Andrade*, at p. 968.) It also rejected that the dismissal based on the defendant's motion was authorized under section 1385. It found, "The motion which was made and granted was that of defendant not that of the trial court. The statute makes no provisions for a defendant to move for dismissal. [Citations.] Although without statutory provision, the trial court expressly accepted, considered, and granted defendant's motion to dismiss. To recognize such motion and order would judicially enlarge the scope of Penal Code section 1385 if the dismissal were intended in furtherance of justice. The Legislature limited the right to initiate the use of the authority of section 1385 to the People and to the court. Granting a defendant's motion cannot be properly characterized as a dismissal of charges in furtherance of justice as authorized by Penal Code section 1385. [Citations.]" (*Andrade*, at pp. 973-974.)

11

*Andrade* has been cited with approval in subsequent cases. (See *People v. Hernandez* (2000) 22 Cal.4th 512, 522; *People v. Superior Court* (*Meraz*) (2008) 163 Cal.App.4th 28, 54.) Here, defendant moved for dismissal, and the magistrate granted his motion. Nothing in the record supports that dismissal was pursuant to section 1385. Although the clerk's transcript cites to section 1385, the oral record contradicts the minute order and controls. (See *People v. Urke* (2011) 197 Cal.App.4th 766, 779.)

The People also contend that section 654 and *Kellett* do not authorize dismissal of the complaint. *Kellett* bars multiple prosecution based on acts occurring during the same course of conduct. In *Kellett,* the court concluded, "When . . . the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett, supra*, 63 Cal.2d at p. 827, fn. omitted.) This bar on multiple prosecutions certainly on its face supports dismissal on these grounds.

Moreover, *Andrade* contradicts such a proposition since it authorized a dismissal of a charge pursuant to *Kellett*. (*People v. Andrade, supra,* 86 Cal.App.3d at p. 970.)

The People also rely upon *People v. Shrier* (2010) 190 Cal.App.4th 400 for the proposition that the dismissal was pursuant to section 1385. In *Shrier*, the magistrate dismissed an action due to prosecutorial misconduct, and the superior court denied the

12

motion to reinstate the complaint. (*Shrier*, at p. 405.) On appeal, the defendant argued that the dismissal could not be a subject of a motion to reinstate the complaint because the dismissal was not listed in section 871.5. However, the appellate court concluded that the motion for dismissal was filed relying upon specific case law. The appellate court noted that the case cited in the motion involved a dismissal in part based on section 1385, which was listed in section 871.5. (*Shrier*, at p. 405.)

Here, *Kellett* does not mention section 1385 as its basis for dismissal. Moreover, as discussed, *ante*, there was no mention of section 1385 in the lower court, and defendant's motion to dismiss cannot be considered a motion to dismiss under section 1385. Under no circumstances was this considered a motion pursuant to section 1385.

Finally, the People contend that if the dismissal was not pursuant to section 1385, section 1387 would not bar unlimited refilings of the same charge. The People never sought to refile the charges in this case, so that issue is not squarely before this court, and we need not address it.

Here, the People filed an appeal from the superior court's decision to deny the motion to reinstate the complaint pursuant to section 1238, subdivision (a)(9). We affirm the superior court's conclusion that it did not have jurisdiction to hear the motion for reinstatement of the complaint. The People, unlike in *Williams*, did not additionally file an appeal from the magistrate's order. As such, we have no means by which to review the merits of the magistrate's order. We must affirm the superior court's denial of the motion for reinstatement of the complaint.

13

## III

## DISPOSITION

We affirm the denial of the People's section 871.5 motion to reinstate the complaint.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

Acting P. J.

We concur:

KING _____

J.

MILLER _____

J.